IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE ROE, ET AL<br><br>Plaintiffs<br><br>v.<br><br>UNIVERSITY OF CINCINNATI,<br><br>Defendant | Case No. 1:22-cv-00376-MWM<br><br>Judge: Matthew W. McFarland<br><br>MOTION FOR LEAVE TO PROCEED ANONYMOUSLY |

Plaintiffs respectfully requests leave to proceed anonymously as "Jane Roe" and "Karen Soe." Plaintiffs are alleged victims of sexual harassment and sexual assault. The circumstances of this case are such that requiring Plaintiffs to proceed under their name would disclose information of the utmost personal intimacy and, including education records protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99.

**MEMORANDUM**

This Court has the discretion to allow a party to proceed anonymously under a pseudonym. *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001). Under the Sixth Circuit approach, in exercising its discretion, this Court is required to balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *Id.* Plaintiffs acknowledge that there is a strong public policy in favor of public access to judicial proceedings, however Plaintiffs respectfully suggest that this case falls within the exception that parties are permitted to proceed under pseudonyms under certain circumstances. *Citizens for a Strong Ohio v. Marsh*, No. 04-3112, 123 F. App'x 630, at *636 (6th Cir. 2005). The Sixth Circuit has stated that this Court should consider, among other

1

factors, "whether prosecution of the suit will compel the [party] to disclose information of the utmost intimacy." *Id. quoting Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004).[1]

In this case, the disclosure of Plaintiff's name would forever associate them with allegations of sexual misconduct. The students in this case – Plaintiffs Jane Roe and Karen Soe, and UC student John Doe – are all ballet dancers studying at the University of Cincinnati's College-Conservatory of Music. Jane Roe alleges that she was touched sexually assaulted by another student, John Doe, on a number of occasions during ballet rehearsals. (Complaint, Doc#1, ¶¶ 31-37.) Karen Soe also alleges that she was sexually assaulted during another rehearsal.[2] (Complaint, Doc#1, ¶ 43.) Plaintiffs would suffer public embarrassment and irreparable harm to their future career and reputation. While the public has a strong interest in transparency, the public also has a strong interest in protecting the identities of victims of sexual offenses so that other victims will not be deterred from bringing these types of cases against public institutions. *See e.g. Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes")

This Court has observed, "Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness." *Doe v. Kenyon College*, S.D.Ohio No. 2:20-cv-4972, 2020 U.S. Dist. LEXIS 259545, at *4 (Sep. 24, 2020),

---

[1] The Sixth Circuit describes the factors to be considered:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children."

*Porter*, 370 F. 3d at 560, citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). The Court may also consider whether a defendant would be forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

[2] The term "sexual assault" is not defined under Ohio law. To be more precise, Jane Roe and Karen Soe were victims of sexual offenses; John Doe likely violated R.C. 2907.06 (sexual imposition).

*citing inter alia Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."). In another case, this Court said, "the compelling need to protect an alleged sexual assault victim's privacy interests has been held to be sufficient to allow the alleged victim to proceed anonymously." *Doe v. Mitchell*, S.D.Ohio No. 2:20-cv-00459, 2020 U.S. Dist. LEXIS 220750, at *18 (Nov. 24, 2020). *See also NMIC Ins. Co. v. Smith*, S.D.Ohio No. 2:18-cv-533, 2018 U.S. Dist. LEXIS 224759, at *4 (Oct. 24, 2018) ("Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness.") (collecting cases).

Specifically, courts have permitted alleged victims bringing Title IX claims against public universities to proceed anonymously. *Doe v. Rutgers*, D.N.J. No. 2:18-cv-12952-KM-CLW, 2019 U.S. Dist. LEXIS 75139, at *11 (Apr. 30, 2019) (alleged victim student permitted to proceed anonymously on Title IX against public university); *S. B. v. Florida Agricultural & Mechanical Univ. Bd. of Trustees*, N.D.Fla. No. 4:16cv613-MW/CAS, 2018 U.S. Dist. LEXIS 241674, at *5 (Feb. 5, 2018) ("perhaps most importantly, this Court finds there is absolutely no legitimate public interest in outing a rape victim in a Title IX case"). *Cf. Doe v. Brighton School Dist. 27J,* D.Colo. Civil Action No. 19-cv-0950-WJM-NRN, 2019 U.S. Dist. LEXIS 62605, at *3 (Apr. 11, 2019) (student permitted to proceed anonymously in case alleging school failed to take appropriate action after she was sexualy assaulted by classmate).[3]

---

[3] In regards to Title IX cases brought by students accused of misconduct, this Court has observed that, "Courts in this Circuit have allowed plaintiffs challenging university treatment of sexual misconduct allegations to proceed under a pseudonym." *Doe v. Kenyon College*, S.D.Ohio No. 2:20-cv-4972, 2020 U.S. Dist. LEXIS 259545, at *3-4 (Sep. 24, 2020), *citing Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (allowing plaintiff to proceed under a pseudonym where plaintiff was challenging university's treatment of sexual misconduct claims against him).

Plaintiffs emphasize that they seek to maintain the confidentiality of not only themselves, but other students involved, including witnesses and the alleged perpetrator, John Doe. Maintaining the confidentiality of students is consistent with federal policy as expressed by FERPA. The confidentiality of school disciplinary records has been well established. *See United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA").

Defendant will not suffer any harm by permitting Plaintiffs to proceed as a anonymously, as Defendant is aware of the identity of Plaintiffs and has an obligation to maintain the confidentiality of educational records under FERPA.

***Wherefore***, Plaintiffs should be granted leave to proceed anonymously.

Respectfully submitted,

  /s/ Joshua Engel
Joshua Adam Engel (OH 0075769)
Scott O'Reilly (OH 0075717)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com