# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JANE ROE ET AL., | ) | Case No. 1:22-cv-00376-MWM |
| | ) | |
| Plaintiffs, | ) | Judge Matthew W. McFarland |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT UNIVERSITY OF CINCINNATI'S
### UNOPPOSED MOTION AND PROPOSED ORDER REGARDING
### PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Pursuant to Defendant University of Cincinnati's ("UC") August 22, 2022 Response (Doc. 9) to Plaintiffs' June 30, 2022 Motion for Leave to Proceed Anonymously (Doc. 2) ("Anonymity Motion") and S.D. Ohio Civ. R. 5.2.1(a) governing sealing, UC hereby submits this motion and attached proposed order to fully resolve plaintiffs' Anonymity Motion. Counsel for UC have consulted with plaintiffs' counsel, who has indicated he does not oppose this motion.[1]

### MEMORANDUM

**I.     BACKGROUND.**

On June 30, 2022, plaintiffs "Jane Roe" and "Karen Soe" filed their Complaint against UC (Doc. 1). Plaintiffs allege they are UC students and were sexually harassed and assaulted by another UC student and that UC was deliberately indifferent. Plaintiffs assert a claim against UC pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), *et seq*. ("Title IX").

---

[1] Plaintiffs indicate they do not oppose this Motion out of deference to the good faith determination by UC that this Motion is in the best interests of students. The parties anticipate addressing FERPA-related privacy concerns raised by discovery in the future in the context of a proposed protective order.

Concurrently with the filing of their Complaint, plaintiffs also filed a Motion for Leave to Proceed Anonymously (Doc. 2). Plaintiffs' motion seeks leave to allow plaintiffs to proceed anonymously in this action as "Jane Roe" and "Karen Soe." On August 22, 2022, UC filed a response to plaintiffs' motion stating:

> [UC] does not oppose Plaintiffs' Motion for Leave to Proceed Anonymously (Doc. 2). In addition to protecting the anonymity of Plaintiffs, however, UC also believes that pseudonyms should be substituted for the initials of the non-party students identified in Plaintiffs' Complaint (Doc. 1). The parties have conferred about this issue. Plaintiffs do not believe the use of initials was improper, but also do not oppose what UC proposes to protect the anonymity of non-party students. As a result of discussions, the parties have agreed in principle to a proposed plan to preserve the anonymity of Plaintiffs and any other student witnesses, subject to the Court's approval. Subject to the Court's approval, on or before Friday, August 26, 2022, UC will submit to the Court a proposed Order and related Motion that UC anticipates will be unopposed by Plaintiffs and is intended to protect the anonymity of Plaintiffs and other UC students referenced in Plaintiffs' Complaint.

*Id*. This unopposed motion and attached proposed order are the "related Motion" and "proposed Order" referenced in UC's August 22, 2022 filing (Doc. 9).

## II.     DISCUSSION.

In the interest of brevity, UC incorporates by reference as if fully restated herein, the legal authorities and arguments set out in plaintiffs' Motion for Leave to Proceed Anonymously (Doc. 2) that give the Court discretion to allow parties and non-party current or former students to proceed anonymously under a pseudonym, including in Title IX claims against universities, where, as here, an alleged sexual offense is at issue. *See* Plaintiffs' Motion for Leave to Proceed Anonymously (Doc. 2) at 1-4 & n.3. In addition to the legal authorities set out in plaintiffs' motion, UC also emphasizes the following additional points:

(1)     Courts have allowed individuals to proceed under pseudonyms where their initials in pleadings would identify them. *See*, *e.g.*, *Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016)

(granting leave to proceed under a pseudonym in Title IX case where initials "would make her easily identifiable"). Here, given the specialized nature of the claims, such a risk exists.

(2) The privacy concerns of *non-party* students or current students of UC who are referenced in the Complaint are equal to those of plaintiffs. *See Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2022 WL 1080772, at *2 (S.D. Ohio Apr. 11, 2022) (ordering the redaction of non-parties' private personal information, stating: "The Sixth Circuit has made clear that 'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'") (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016)); *McKenna v. Nestle Purina PetCare Co.*, No. 2:05-CV-0976, 2008 WL 2329268, at *2 (S.D. Ohio June 4, 2008) (citing case law "recognizing the potentially greater privacy interest of non-parties").

(3) As plaintiffs' motion makes clear: "Maintaining confidentiality of students is consistent with federal policy as expressed by FERPA [Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99.]" Pls' Motion (Doc. 2) at 27 (citing *United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002)).

(4) UC has implemented various policies to attempt to protect the confidentiality of complainants and non-complainants in proceedings involving alleged sexual misconduct, harassment, and violations of Title IX, and this motion is in furtherance of those policies. *E.g.*:

> (a) UC's Student of Code of Conduct states that College Hearing Panel (C.H.P.) hearings are confidential and subject to FERPA. *See* Student Code of Conduct at 15, 3361:40-5-05(B)(4)(b)(iii)(c);[2]
>
> (b) UC's Sex- and/or Gender-Based Misconduct Policy and Procedure states, in relevant part: "Confidentiality: Information shared by the parties as part of the Title IX process will be kept private, consistent with state and federal law." *See* Sex-and/or Gender-Based Misconduct Policy and Procedure at

---

[2]https://www.uc.edu/content/dam/refresh/studentaffairs-62/studentconduct/UC%20Student%20Code%20of%20Conduct_Final_October%202021.pdf

    V(9);[3]
(c) UC's Title IX Sexual Harassment Policy states, in relevant part:

> The University recognizes the importance of confidentiality. To the extent possible, all information received in connection with the filing, investigation, and resolution of allegations will be treated as confidential except when necessary to conduct an appropriate investigation, to provide assistance and resources to University community members, to perform other appropriate University functions, or when the University is compelled to produce information in accordance with applicable law and/or other controlling authority.
> . . .
>
>        \* \* \*
>
> Informal resolution processes shall be conducted confidentially to the extent permitted by law. Informal resolution process may result in the creation of records and/or other materials subject to institutional record retention policies, as permitted by the Family Education Rights and Privacy Act, or as required by law.

Title IX Sexual Harassment Policy, "Reporting" at Section VI; "Grievance Procedures," at Section Section VI(H);[4]

(5)  S.D. Ohio Civ. R. 5.2.1(a) permits the filing of documents under seal upon leave of Court for good cause shown. Courts in this district have ordered that pleadings be filed under seal in connection with their granting of motions for leave to proceed anonymously. *See, e.g., Bd. of Educ. of the Highland Loc. Sch. Dist.* No. 2:16-CV-524, 2016 WL 4269080, at \*6; *Snyder-Hill, et al. v. The Ohio State University*, S.D. Ohio Case No. 2:18-cv-00736 (S.D. Ohio Aug. 27, 2018) (Order, Doc. 16);

(6)  The parties' mutual requests to protect the identities of plaintiffs and current and former students are narrowly tailored and sufficiently limited in scope. The parties are not seeking to seal the Complaint in its entirety, or even substantially. Disclosure of the identities of plaintiffs

---

[3] https://www.uc.edu/about/equity-inclusion/gender-equity/title-ix/sex--and-or-gender-based-misconduct-policy-and-procedure.html
[4] https://www.uc.edu/about/equity-inclusion/gender-equity/title-ix/title-ix-sexual-harassment-policy.html

and current and former students to the public is not necessary for the public to understand the allegations and issues in this matter. *See HGCI, Inc. v. Advanced Nutrients Ltd*., No. 2:19-CV-76, 2021 WL 2438853, at *2 (S.D. Ohio June 15, 2021) (agreeing that "the public has little to no interest in accessing" the sealed confidential information because "to the extent the public would have any interest in the conduct giving rise to the dispute, such conduct is readily ascertainable from the already public filings and the information they seek to have sealed offers nothing more in that respect."); *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (granting motion to seal where "[t]he parties do not seek to seal the contents of the Pl./Def. Docs. completely"); *Olymbec USA*, No. 2:19-CV-1041, 2021 WL 640316, at *2 ("[T]o ensure that the sealing is appropriately limited in scope, MRM is required to file a redacted version on the public record."); *NFocus Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at *2 (S.D. Ohio Dec. 29, 2020) ("Additionally, because Plaintiff requests to redact only specifically identified lines and paragraphs, Plaintiff's request is sufficiently narrowly tailored to serve the compelling reasons justifying redaction."); *Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021) ("Finally, the Court notes that Defendant seeks to seal only discrete portions of the expert report, along with 17 documents cited therein, so its request is sufficiently narrowly tailored to serve the compelling reasons justifying redaction. . . . Indeed, the total redactions consist of less than one page of the sixty-page expert report").

(7)     The parties have agreed to redact student initials for the non-party witnesses referenced in the Complaint. No other changes will be made to the Complaint. Plaintiffs have agreed to allow UC to review the proposed publicly filed Complaint prior to its filing to ensure anonymity is complete.

### III. <u>CONCLUSION.</u>

Based on the foregoing, UC respectfully requests that the Court enter the attached proposed Order, which (1) allows plaintiffs and non-party students to proceed anonymously; (2) directs the Clerk to re-file the Complaint (Doc. 1) identifying non-party students by their initials under seal; and (3) directs plaintiffs to (a) re-file a public version of the Complaint that redacts the non-party students' initials; and (b) provide the true names of the plaintiffs and non-party students to counsel of record for UC.

    Respectfully submitted,

    DAVE YOST
    ATTORNEY GENERAL OF OHIO

    /s/ Michael H. Carpenter
    Michael H. Carpenter (0015733) (Trial Attorney)
    Timothy R. Bricker (0061872)
    Michael N. Beekhuizen (0065722)
    David J. Barthel (0079307)
    CARPENTER LIPPS AND LELAND LLP
    280 Plaza, Suite 1300
    280 North High Street
    Columbus, OH 43215
    Phone: (614) 365-4100
    Fax: (614) 365-9145
    E-mail: carpenter@carpenterlipps.com
          bricker@carpenterlipps.com
          beekhuizen@carpenterlipps.com
          barthel@carpenterlipps.com

    *Special Counsel for Defendant University of Cincinnati*

## **CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing was filed electronically on August 26, 2022. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.


                                              /s/ Michael H. Carpenter
                                              Michael H. Carpenter

                                              *Trial Attorney for Defendant University of Cincinnati*