IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE ROE, et al | Case No. 1:22-cv-376 |
| Plaintiffs, | Judge: Jeffrey P. Hopkins |
| v. | |
| UNIVERSITY OF CINCINNATI, | RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY |
| Defendant | ORAL ARGUMENT REQUESTED |

Plaintiffs respectfully submit this Response to Defendant's Notice of Supplemental Authority. (Doc#23.)

Defendant brings to the Court's attention a recent Sixth Circuit decision, *Garrett v. Ohio State Univ.*, 6th Cir. No. 21-3972/3974/3982/4070/4128, 2023 U.S. App. LEXIS 3606 (Feb. 15, 2023). This decision should not impact the Court's consideration of Plaintiffs' retaliation claim. Title IX's enforcement scheme would be rendered meaningless if schools were able to effectively bar all complaints of sexual harassment by retaliating against all those who dare complain and this Court decline to read the Sixth Circuit's *dicta* in *Garrett* to create such a result.

In *Garrett* the Sixth Circuit observed that that Court has not previously "recognized a claim for deliberate indifference to retaliation," 2023 U.S. App. LEXIS 3606, at *14.  But this is not a "holding" of the Sixth Circuit, because – contrary to Defendant's assertion – the Sixth Circuit has never has never actually confronted a claim that an institution was liable because it was deliberately indifferent to unlawful retaliation.  In *Garrett*, the Sixth Circuit noted that the plaintiffs had not adequately pleaded such a claim because they failed to allege that anybody at the school "with power to stop the alleged retaliatory actions, had any knowledge of them." 2023 U.S. App. LEXIS 3606, at

1

*14. The only case cited by *Garrett* on this issue, *Bose v. Bea*, specifically declined to rule on this legal issue because the claim had not been raised in the District Court. 947 F.3d 983, 993 (6th Cir. 2020) ("We do not speculate whether the outcome would have been different had [plaintiff] pursued" a deliberate indifference theory).[1]

In this case, Plaintiffs allege that they "were subjected to and threatened with retaliation by CCM faculty" and that the faculty members "had the authority to institute corrective measures on behalf of the UC." (Am. Complaint, R.15, PageID#123, 126-127.).

The Supreme Court has held that a school may be liable for retaliating "against a person because he complains of sex discrimination." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005) (emphasis omitted). The *Jackson* court noted that retaliation is intentional discrimination encompassed by Title IX's private right of action. And in *Gebser v. Lago Vista Indep. School Dist.*, 524 U.S. 274 (1998), the Supreme Court held that Title IX liability attaches when a school official "who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination" fails to correct such behavior in a manner that amounts to deliberate indifference. 524 U.S. at 290. *Ergo,* because "discrimination" under *Jackson* includes retaliation, such claims should be evaluated under the deliberate indifference standard.

UC's broad reading of *Garrett* is incorrect because it would make it impossible for a student to bring any retaliation claim under Title IX, contrary to *Jackson*. "Reporting incidents of discrimination is integral to Title IX enforcement and would be discouraged if retaliation against those who report went unpunished. Indeed, if retaliation were not prohibited, Title IX's enforcement scheme would

---

[1] Plaintiffs in other Sixth Circuit cases also failed to plead all of the elements of a deliberate indifference to retaliation claim, so the Court never reached the issue in these cases, either. *See M.D. v. Bowling Green Indep. School Dist.,* 709 F.App'x 775, 779 (6th Cir.2017) (retaliation claim was not "properly before the district court"); *Dahmer v. W. Kentucky Univ.*, 6th Cir. No. 21-5318, 2022 U.S. App. LEXIS 28533, at *14 (Oct. 13, 2022) (plaintiff failed to allege that alleged retaliatory conduct was "severe enough that it would dissuade a reasonable person from engaging in protected activity").

unravel." *Jackson*, 544 U.S. at 181. Consider a situation where a professor retaliates against a student after the student brought a sexual harassment claim against the professor. The professor cannot be held liable because there is no individual liability under Title IX and the school cannot be directly liable under an agency or *respondeat superior* theory. Fair enough. But under UC's reading of the *Garrett*, the school **also** cannot be liable if officials who have the authority to address the alleged retaliation and to institute corrective measures respond with deliberate indifference. This is inconsistent with *Jackson* and *Gebser,* and also contrary to the approach taken by other Circuits. *Papelino v. Albany College of Pharmacy of Union University*, 633 F.3d 81 (2d Cir. 2011) (liability premised on theory that college was on notice of, and was deliberately indifferent to, a professor's retaliation); *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 696 (4th Cir. 2018) ("an educational institution can be liable under Title IX for its deliberate indifference to" retaliation); *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1314 (10th Cir.2020) (defendants could be found liable under Title IX for deliberate indifference to retaliatory conduct).

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully suggest that the Court would benefit from hearing oral argument in this matter. This case raises an issue of significant concern: deliberate indifference by educational institutions to actionable sexual harassment that occurs after the school's knowledge of the misconduct. Oral argument will assist the Court in its analysis of the disputed issues and will enable counsel to address any questions the Court may have.

        Respectfully submitted,

        <u>     /s/ Joshua A. Engel          </u>
        Joshua Adam Engel (OH 0075769)
        Scott O'Reilly (OH 0075717)
        ENGEL AND MARTIN, LLC
        4660 Duke Dr., Suite 101
        Mason, OH 45040
        (513) 445-9600
        engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Courts ECF system this February 21, 2023 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel