THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANE ROE, et al. | ) | Case No. 1:22-cv-00376 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffrey P. Hopkins |
| | ) | |
| v. | ) | Magistrate Judge Karen L. Litkovitz |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY OF CINCINNATI'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' Notice of Supplemental Authority (Doc. 25) asserts that an Opinion and Order entered on March 27, 2023 in *Doe v. Ohio Univ.*, No. 2:21-CV-00858, 2023 WL 2652482, 2023 U.S. Dist. LEXIS 52435 (S.D. Ohio Mar. 27, 2023) (Sargus, J.), "suggested" that "a report to a faculty member" is sufficient to provide a university with actual knowledge of student-on-student sexual harassment for purposes of Title IX. Not only is plaintiffs' interpretation ***not*** the holding in *Doe v. Ohio Univ.*, the actual holding supports UC's Motion to Dismiss (Doc. 18) for the following reasons:

***First***, *Doe v. Ohio Univ.* does ***not*** hold that a report of sexual harassment to a faculty member establishes actual knowledge by a university. In *Doe v. Ohio Univ.*, the plaintiff, the plaintiff's father, and other students in the plaintiff's class complained about the alleged harassment "several times over the course of months" to ***both*** the plaintiff's professor and "the University's appointed ***Title IX investigators*** and ***Title IX coordinator***." *Id*. at *7-*8 (emphasis added). Thus, *Doe v. Ohio Univ.* does not stand for the proposition claimed by plaintiffs. Instead, it supports that UC did not have actual knowledge of the alleged incidents of sexual harassment on campus until its Office of Gender, Equity and Inclusion ("OGEI") received notice on October

8, 2021 (Jane Roe) and November 2021 (Karen Soe). *See* UC Motion to Dismiss (Doc. 18) at 2-4, 9; UC Reply Br. In Support of Motion to Dismiss (Doc. 22) at 6, 8. Once UC had such actual knowledge, it acted quickly and appropriately. *See* UC's Motion to Dismiss at 7, 9-10; UC's Reply to Motion to Dismiss at 1-2, 6-7.

*Second*, plaintiffs' incorrect interpretation of *Doe v. Ohio Univ.* is contrary to United States Supreme Court and Sixth Circuit decisions holding that a school **cannot** be liable under Title IX based on principles of agency, *respondeat superior*, vicarious liability, or the independent actions of school employees. *See* UC Motion to Dismiss at 5. A university has "actual knowledge" of alleged student-on-student sexual harassment *only* when an appropriate person "high enough up the chain-of-command that her decision constitutes the school's decision" learns of the alleged sexual harassment. *Kesterson v. Kent State Univ.*, 967 F.3d 519, 529 (6th Cir. 2020); *see also* 34 CFR § 106.30(a) (defining "actual knowledge," in relevant part, as "notice of sexual harassment or allegations of sexual harassment to a recipient's Title IX Coordinator or any official of the recipient who has authority to institute corrective measures on behalf of the recipient.").

*Third*, the facts in *Doe v. Ohio Univ.* are distinguishable. The plaintiff in *Doe v. Ohio Univ.*, as noted above, reported the harassment not only to a professor, but also to "the University's appointed **Title IX investigators** and **Title IX coordinator**." 2023 WL 2652482 at *7-*8. She also alleged daily, continuing sexual harassment after the report and that no one acted to stop the harassment despite several complaints over several months by the plaintiff, her father, and other students. *Id.* She additionally alleged that no one acted to stop harassment even after the perpetrator was criminally indicted, violated a protective order requiring him to stay away from the plaintiff, and the prosecutor asked the university to help protect the plaintiff. *Id.* In stark contrast, here, UC took swift action when it first learned of the alleged harassment of plaintiffs in

the fall of 2021. It is undisputed that UC provided Title IX resources to plaintiffs in this case; followed up with plaintiffs; met with plaintiffs; investigated plaintiffs' complaints; provided numerous accommodations to reduce contact with John Doe; issued a mutual no contact order; conducted a hearing; and allowed an appeal. *See* UC's Motion to Dismiss at 7, 9-10; UC's Reply to Motion to Dismiss at 1-2, 6-7. It also is undisputed that the alleged harassment stopped after it was reported to UC's OGEI in the fall of 2021, thereby requiring dismissal of plaintiffs' claims in this matter. *See* UC's Motion to Dismiss at 10-12.

**Finally,** *Doe v. Ohio Univ.* supports UC's motion to dismiss plaintiffs' claims for emotional distress, diminished earnings capacity, and lost career and business opportunity damages. *See* UC's Motion to Dismiss at 17-20; UC's Reply to Motion To Dismiss at 15-18. *Doe v. Ohio Univ.* granted the university's motion for judgment on the pleadings as to the issue of emotional distress damages, based on *Barnes v. Gorman*, 536 U.S. 181 (2002) and *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (April 28, 2022). 2023 WL 2652482 at *5. *Barnes* and *Cummings* both hold that ***only*** contractual remedies of which universities have clear notice are available for violations of statutes enacted pursuant to Congress's Spending Clause authority (such as Title IX). *Barnes*, 536 U.S. at 181-182, 187; *Cummings*, 142 S.Ct. at 1570-1576.

For the reasons above, the Southern District of Ohio's decision in *Doe v. Ohio Univ.* reaffirms that the Court should dismiss plaintiffs' Title IX claims here.

        Respectfully submitted,

        DAVE YOST
        ATTORNEY GENERAL OF OHIO

By:    /s/ Michael H. Carpenter
        Michael H. Carpenter (0015733) (Trial Attorney)
        Timothy R. Bricker (0061872)
        Michael N. Beekhuizen (0065722)
        David J. Barthel (0079307)
        Michael B. Rogers (0098948)
        CARPENTER LIPPS LLP
        280 Plaza, Suite 1300
        280 North High Street
        Columbus, OH 43215
        E-mail: carpenter@carpenterlipps.com
                bricker@carpenterlipps.com
                beekhuizen@carpenterlipps.com
                barthel@carpenterlipps.com
                rogers@carpenterlipps.com

        Special Counsel for Defendant
        University of Cincinnati

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on April 20, 2023. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Michael H. Carpenter

One of The Attorneys for
Defendant University of Cincinnati