## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JANE ROE, et al. | ) | Case No. 1:22-cv-00376 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffrey P. Hopkins |
| | ) | |
| v. | ) | Magistrate Judge _____ |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT UNIVERSITY OF CINCINNATI'S
## <u>MOTION TO STAY DISCOVERY</u>

Pursuant to Federal Rule of Civil Procedure 26(c)(1), defendant University of Cincinnati ("UC") respectfully moves this Court to enter an Order staying all discovery pending the Court's ruling on UC's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18). The grounds for this Motion are set forth more fully in the accompanying Memorandum in Support. Pursuant to S.D. Ohio Civ. R. 7.3(b), counsel for UC has conferred with Plaintiffs' counsel regarding the relief requested in this motion. Plaintiffs' counsel has indicated that Plaintiffs oppose this motion.

                                                          DAVE YOST
                                                          ATTORNEY GENERAL OF OHIO

By:   <u>/s/ Michael H. Carpenter</u>
        Michael H. Carpenter (0015733) (Trial Attorney)
        Timothy R. Bricker (0061872)
        Michael N. Beekhuizen (0065722)
        David J. Barthel (0079307)
        Michael B. Rogers (0098948)
        CARPENTER LIPPS LLP
        280 Plaza, Suite 1300
        280 North High Street
        Columbus, OH 43215
        Phone: (614) 365-4100
        Fax: (614) 365-9145
        E-mail:carpenter@carpenterlipps.com
                    bricker@carpenterlipps.com

beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com
rogers@carpenterlipps.com

Special Counsel for Defendant
University of Cincinnati

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION.**

As set forth in UC's pending Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18), Plaintiffs' Amended Complaint (ECF No. 15) fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). If UC's Motion to Dismiss is granted, this case will be over. If granted in part, the scope of discovery will be limited. A temporary stay of discovery is therefore appropriate in order to promote efficiency and conserve the resources of the parties and the Court "until preliminary questions that may dispose of the case are determined." *Harris v. Erdos*, No. 1:20-CV-120, 2021 WL 1839739, at *1 (S.D. Ohio May 7, 2021), report and recommendation adopted, No. 1:20-CV-120, 2021 WL 4225125 (S.D. Ohio Sept. 16, 2021) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

This is particularly true here where (1) Plaintiffs did not assert they needed discovery to oppose UC's Motion to Dismiss; (2) Plaintiffs did not request discovery while UC's Motion to Dismiss has been pending; (3) neither Plaintiff alleges she suffered any additional harassment by John Doe after the original complaint was filed nearly two years ago; and (4) both Plaintiffs are no longer students at UC, having now graduated from UC's College-Conservatory of Music ballet program, and, per UC's understanding, obtained employment as ballet dancers and/or ballet dance instructors.

Related to the above, a temporary stay of discovery pending the Court's ruling on UC's Motion to Dismiss is also warranted because UC's Motion to Dismiss is based entirely on purely legal issues that are unaffected by discovery; Plaintiffs will not be prejudiced by a temporary stay of discovery; and UC and non-party witnesses will be burdened by the absence of a temporary stay because this case involves sensitive privacy concerns and protected educational information of non-party students that would not be necessary to disclose if UC's Motion to Dismiss is granted.

1

Given all of the above circumstances, there is no reason or urgent need to engage in discovery until UC's Motion to Dismiss is resolved. To the contrary, allowing discovery to proceed before the Court rules on UC's Motion to Dismiss would be disproportional to the needs of the case at this time. Fed. R. Civ. P. 26(b)(1). Accordingly, UC respectfully request this Court stay discovery until its pending Motion to Dismiss is resolved, as discussed further below.

## II. BACKGROUND.

Plaintiffs Jane Roe and Karen Soe are former ballet students who attended UC's College-Conservatory of Music ("CCM") and are suing UC for the alleged conduct of another CCM ballet student, non-party John Doe. *See* Amended Complaint (ECF No. 15) at ¶¶ 21-23. Plaintiffs allege that John Doe inappropriately touched them in September and October 2021, during partnering class (female and male dancer are taught how to dance together) or during pas de deux rehearsals (a dance for two people, typically a male and a female). *Id*. at ¶¶ 30, 32, 35-38, 43, 45. UC conducted an investigation into their allegations of misconduct, including a full hearing and an appeal. *Id*. at ¶¶ 43, 45-55.

Despite the investigation, hearing, and appeal, Plaintiffs claim UC was deliberately indifferent to their reports of inappropriate touching during dance rehearsals and retaliated against them, in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq*. ("Title IX"). *Id*. at ¶¶ 65-75 ("Count I-Violation of Title IX-Deliberate Indifference"); *id*. at ¶¶ 76-84 ("Count II-Violation of Title IX-Retaliation").

Plaintiffs filed their original complaint on June 30, 2022 (ECF No. 1). On September 19, 2022, UC filed a motion to dismiss Plaintiffs' original complaint in its entirety (ECF No. 14). In response, Plaintiffs filed an Amended Complaint on September 30, 2022 (ECF No. 15). On October 28, 2022, UC filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6)

2

of the Federal Rules of Civil Procedure (ECF No. 18). Plaintiffs filed their opposition brief to UC's Motion to Dismiss the Amended Complaint on November 30, 2022 (ECF No. 20), and UC filed its reply brief on December 21, 2022 (ECF No. 22).

UC's pending Motion to Dismiss asserts that Plaintiffs' Title IX claims fail as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6). *See* UC's Motion to Dismiss (ECF No. 15); UC's Reply Brief (ECF No. 22). Specifically, UC's Motion to Dismiss and related briefing assert the following legal defenses based entirely on the factual allegations and claims contained in Plaintiffs' Amended Complaint and the application of controlling Title IX law to those allegations and claims:

*First,* Plaintiffs' fail to plead a Title IX deliberate indifference claim because: (1) there was no actionable harassment by John Doe; (2) the University did not act deliberately indifferent because (a) the University did not have actual knowledge of the alleged sexual harassment until October 2021; (b) the University responded reasonably once it learned of the alleged harassment; (c) Plaintiffs suffered no further injury after UC received their reports; and (3) the University is not responsible for alleged harassment by John Doe occurring years before Plaintiffs or John Doe attended the University, and it responded reasonably to such concerns. *See* UC's Motion to Dismiss (ECF No. 18) at PageID# 140-148; UC's Reply Brief (ECF No. 22) at PageID# 243-251.

*Second,* Plaintiffs' Title IX retaliation claim fails because: (1) Plaintiffs do not allege that the University retaliated against them, but rather seek to hold the University liable for the purported retaliation of University employees who are not officials of the University and whose alleged conduct cannot be imputed to the University; (2) Plaintiffs do not allege they suffered a materially adverse action; and (3) Plaintiffs fail to allege causation. *See* UC's Motion to Dismiss (ECF No. 18) at PageID# 148-152; UC's Reply Brief (ECF No. 22) at PageID# 251-255; UC's Notice of

Supplemental Authority (ECF No. 23) at PageID# 261-262.

***Third,*** Plaintiffs are not entitled to any of the damages they seek, including for diminished earnings capacity, lost career and business opportunities, loss of reputation, humiliation, embarrassment, and inconvenience because such damages are not recoverable under Title IX as a matter of controlling Supreme Court and Sixth Circuit law. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022); *S.C. v. Metro. Gov't of Nashville*, 86 F.4th 707 (6th Cir. 2023). *See* UC's Motion to Dismiss (ECF No. 18) at 152-155; UC's Reply Brief (ECF No. 22) at PageID# 255-258.

Thus, if granted, UC's Motion to Dismiss will dispose of Plaintiffs' Amended Complaint in its entirety. UC's Motion to Dismiss presents clear-cut legal defenses, without the need for discovery. Plaintiffs' opposition brief to UC's Motion to Dismiss did not assert that Plaintiffs need discovery or identify any discovery needed to support or oppose UC's Motion to Dismiss.

Instead, on March 26, 2024, Plaintiffs asserted for the first time that discovery should be allowed to proceed. This is after both Plaintiffs graduated from UC's CCM ballet program, and no longer attend UC. UC believes both Plaintiffs obtained employment as ballet dancers and/or ballet dance instructors.

For the reasons set forth herein, the Court respectfully should enter an Order staying all discovery until the Court has ruled on UC's pending Motion to Dismiss (ECF No. 18).

**II.** **<u>DISCUSSION</u>.**

A district court may issue a protective order staying discovery during the pendency of a motion to dismiss for "good cause shown." Fed. R. Civ. P. 26(c). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn*, 190 F.3d at 719. The Sixth Circuit consistently has found that

4

"[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (district court did not abuse its discretion in staying discovery where dispositive motion involved legal determinations) (citation and quotation marks omitted) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)); *see also Hahn*, 190 F.3d at 719 (affirming discovery stay because discovery sought would have no effect on the outcome of the motion to dismiss); *Bangas v. Potter*, 145 F. App'x 139, 142 (6th Cir. 2005) (same); *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 644 (6th Cir. 2005) (affirming district court's *sua sponte* stay of discovery because "it was not unreasonable for the district court to conclude that the case could be disposed of on the face of the complaint and that discovery would not affect the outcome").

In assessing whether to stay discovery pending the resolution of a motion to dismiss, the Court also "must weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Harris v. Erdos*, No. 1:20-CV-120, 2021 WL 1839739, at *1 (S.D. Ohio May 7, 2021), *report and recommendation adopted*, No. 1:20-CV-120, 2021 WL 4225125 (S.D. Ohio Sept. 16, 2021) (citations omitted). "Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery." *Miller v. Countrywide Home Loans*, No. 2;09-CV-0674, 2010 WL 2246310, at *2 (S.D. Ohio June 4, 2010) (citations omitted). "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Id*.

Further, the Southern District of Ohio has explained that the 2015 amendments to the discovery rules in Federal Rule of Civil Procedure 26 require courts to "fashion discovery that is

5

proportional to the needs of the case[.]" *Waters v. Drake*, 222 F. Supp. 3d 582, 606 (S.D. Ohio 2016) (staying discovery in Title IX case pending consideration of defendant's motion for judgment on the pleadings, which "presented several threshold challenges" to plaintiff's claims; raised "privacy concerns" in a Title IX investigation; and "the discovery sought could impose a substantial burden on [the defendant university] and third parties, [] in terms of time and resources"), *appeal dismissed*, No. 16-4043, 2016 WL 9665545 (6th Cir. Dec. 27, 2016).

Under the above controlling standards, a stay of discovery is appropriate here until the Court has ruled on UC's Motion to Dismiss (ECF No. 18).

> **A.** **A Temporary Stay Of Discovery Is Appropriate Here Because UC's Motion To Dismiss Is Predicated On Purely Legal Questions That Are Unaffected By Discovery.**

A temporary stay of discovery is warranted until the Court decides UC's Motion to Dismiss because the Motion to Dismiss asserts legal defenses which dispose of the entire case, and discovery will not alter the outcome of UC's Motion to Dismiss or assist the Court in disposing of the legal issues contained therein. *See*, *e.g.*, *Muzquiz*, 70 F.3d at 430 (affirming dismissal of breach of contract, antitrust, and Section 1983 claims without discovery because "dismissal of these claims was based on legal determinations that could not have been altered by any further discovery"); *Hahn*, 190 F.3d at 719 (affirming discovery stay where discovery "would not have salvaged their claims"); *Bangas*, 145 F. App'x at 142 (affirming discovery stay where discovery "would have no bearing on" resolving the motion to dismiss); *Flaim*, 418 F.3d at 644 (affirming discovery stay because discovery would not affect the outcome of a motion to dismiss); *Harris*, No. 1:20-CV-120, 2021 WL 1839739, at *1 (granting discovery stay where "Defendants' motion to dismiss raises legal claims attacking the sufficiency of plaintiff's amended complaint on the Eighth Amendment claims alleged," and "Plaintiff has not alleged, and the Court does not

6

perceive, that plaintiff requires discovery in order to address the arguments raised by defendants"); *Wilson v. Gillespie*, No. 2:13-CV-139, 2014 WL 3460042, at *2 (S.D. Ohio July 10, 2014) (granting motion to stay discovery because "the discovery requested will not assist the plaintiff in responding to that motion" for judgment on the pleadings); *Brown v. Danson Inc.*, No. 1:11-CV-820, 2012 WL 3600100, at *2 (S.D. Ohio Aug. 21, 2012) (granting discovery stay because discovery was not needed to address whether plaintiff's claim was barred).

Plaintiffs implicitly concede that discovery is not required to resolve UC's pending Motion to Dismiss. Their opposition brief to UC's Motion to Dismiss did not argue discovery was needed to address any of the arguments asserted in UC's Motion to Dismiss. Plaintiffs also did not request that discovery be allowed to proceed until March 2024—after both Plaintiffs had already graduated from UC's CCM ballet program, and no longer attend UC.

Nor could Plaintiffs argue discovery is needed to resolve UC's Motion to Dismiss. As thoroughly discussed in UC's Motion to Dismiss and related briefing, UC's Motion to Dismiss is based entirely on the factual allegations and claims contained in Plaintiffs' Amended Complaint and the application of clear and controlling Title IX law to those allegations and claims. *See* UC's Motion to Dismiss (ECF No. 18); UC's Reply Brief (ECF No. 22); UC's Notice of Supplemental Authority (ECF No. 23). In summary, Plaintiffs' have failed to state Title IX deliberate indifference and retaliation claims, and none of the damages they seek are recoverable under Title IX. Accordingly, the Court can readily determine as a matter of law that Plaintiffs fail to state actionable Title IX claims and a temporary stay of discovery is therefore appropriate.

**B.  A Short Stay Of Discovery Also Is Warranted Because The Burden Of Discovery Outweighs Its Benefits.**

In weighing the burdens and benefits of discovery, courts consider, among other things, the scope of discovery, whether the party seeking discovery will be prejudiced by the stay, and

7

whether discovery can begin expeditiously following the stay. *See*, *e.g.*, *Miller*, 2010 WL 2246310 at *2.

The scope of discovery sought by Plaintiffs justifies a temporary stay of discovery. UC understands that Plaintiffs will seek discovery not only related to the allegations made by Plaintiffs against John Doe, but also expansive discovery related to disciplinary records of other students, as well as prior investigations by UC, that are unrelated to Plaintiffs' claimed sexual harassment by John Doe. UC also understands that Plaintiffs additionally want UC to disclose the educational records of party and non-party students, including immediately providing notice to those students and an opportunity for them to raise objections. UC also understands that Plaintiffs want to expand the number of depositions beyond the number of depositions allowed by Fed. R. Civ. P. 30(a)(2).

The above referenced scope of discovery UC understands Plaintiffs seek is irrelevant and unduly costly, time-consuming, and/or burdensome. The Court should not have to decide the scope of discovery when any such disputes could be rendered moot if the Court grants UC's Motion to Dismiss in whole or in part. A discovery stay under these circumstances is warranted. *See*, *e.g.*, *Waters*, 222 F. Supp. 3d at 606 (staying discovery pending consideration of motion for judgment on the pleadings in Title IX case, where "the discovery sought could impose a substantial burden on [the defendant university] and third parties, [] in terms of time and resources"); *Miller*, 2010 WL 2246310, at *3 (granting discovery stay where, among other things, "several of [plaintiff's] causes of action, including those alleging fraud or RICO violations, have the potential to place a discovery burden on the defendants"); *Ohio Power Co.*, 2014 WL 12586318, at *3 (granting discovery stay where "the Court anticipates that discovery will be costly and time consuming").

In contrast to the burden to UC and non-parties that discovery will present, a temporary

8

stay of discovery will not prejudice Plaintiffs. As discussed, Plaintiffs did not assert they needed discovery to oppose UC's Motion to Dismiss, and they waited nearly two years after filing their initial Complaint before seeking discovery at all. Plaintiffs also make no claim that they suffered any additional harassment by John Doe after the initial Complaint was filed nearly two years ago. Plaintiffs additionally are no longer students at UC, having graduated from UC's CCM ballet program. Further, UC understands Plaintiffs have obtained employment as ballet dancers and/or ballet dance instructors. In short, there is no urgency for discovery to proceed at this time.

A stay of discovery is also appropriate for the additional reasons that the proceedings in this matter are at their early stages, and discovery can easily proceed once the Court adjudicates UC's Motion to Dismiss, if appropriate. *See*, *e.g.*, *Ohio Power Co.*, 2014 WL 12586318 at *3 ("Further, because this federal lawsuit has not extensively progressed, [plaintiff] will not suffer any great hardship from a stay"); *Miller*, 2010 WL 2246310 at *2 (granting discovery stay because "the Court presumes that the documents at issue are being preserved and can be produced with little difficulty, and expeditiously, should the motions to dismiss be denied.").

Further, there are important privacy interests at stake in this case that are best served by a stay of discovery pending confirmation that exploration of such issues is even necessary. As Plaintiffs stated in their motion for leave to proceed anonymously, and which UC did not oppose:

> Plaintiffs emphasize that they seek to maintain the confidentiality of not only themselves, but other students involved, including witnesses and the alleged perpetrator, John Doe. Maintaining the confidentiality of students is consistent with federal policy as expressed by FERPA. The confidentiality of school disciplinary records has been well established.

*See* Motion For Leave To Proceed Anonymously (ECF No. 2). Non-party students' privacy should be protected, and such students should not be subjected to discovery unless discovery is truly warranted. *See Waters*, 222 F. Supp. 3d at 606 (staying discovery pending consideration of

9

defendant's motion for judgment on the pleadings, which "rais[ed] attorney-client privilege and privacy concerns" in a Title IX investigation). In arguing for discovery now, Plaintiffs essentially are subjugating the privacy interests of other students to their own interests. This should not be allowed.

Finally, for the same reasons set out above, allowing discovery before the Court adjudicates UC's Motion to Dismiss would be disproportional to the needs of the case at this time, in contravention of Fed. R. Civ. P. 26(b)(1). As discussed, Plaintiffs fail to state Title IX claims against UC as a matter of law. Even setting aside the merits of Plaintiffs' substantive Title IX claims, however, Plaintiffs cannot recover any of the damages they seek under controlling Supreme Court and Sixth Circuit precedent. *See* UC's Motion to Dismiss (ECF No. 18) at PageID# 152-155; UC's Reply Brief (ECF No. 22) at PageID# 255-258. As such, proceeding with discovery now would be disproportional to the needs of the case.

In short, a temporary stay of discovery until the Court adjudicates UC's Motion to Dismiss works no hardship and instead serves the laudable objectives of preventing unnecessary costs to both sides and protecting the privacy of third parties, including Title IX claimants and witnesses.

### III.    CONCLUSION.

For all the foregoing reasons, UC respectfully requests that the Court enter an Order staying all discovery pending the Court's ruling on UC's Motion to Dismiss Plaintiffs' Amended Complaint.

    Respectfully submitted,

    DAVE YOST
    ATTORNEY GENERAL OF OHIO

By:   /s/ Michael H. Carpenter
    Michael H. Carpenter (0015733) (Trial Attorney)
    Timothy R. Bricker (0061872)
    Michael N. Beekhuizen (0065722)

David J. Barthel (0079307)
Michael B. Rogers (0098948)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
E-mail: carpenter@carpenterlipps.com
bricker@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com
rogers@carpenterlipps.com

Special Counsel for Defendant
University of Cincinnati

11

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on April 19, 2024. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Michael H. Carpenter

Trial Attorney for
Defendant University of Cincinnati
