# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JANE ROE, ET AL., | : |
| *Plaintiff(s)*, | : Case No. 1:22-CV-376 |
| v. | : District Judge Jeffery P. Hopkins |
| UNIVERSITY OF CINCINNATI, | : Magistrate Judge |
| *Defendant(s)*. | : |

## RULE 26(f) REPORT OF PARTIES

In accordance with Fed. R. Civ. P. 26(f), a meeting was held on April 17, 2024 and April 24, 2024, and was attended by: Joshua A. Engel on behalf of plaintiffs, Jane Roe and Karen Soe; and Timothy R. Bricker and David J. Barthel on behalf of defendant, University of Cincinnati ("UC").

1. **Rule 26(a) Disclosures.** The parties:

   ☐ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

   ☒ will exchange such disclosures by

   PLAINTIFFS: May 24, 2024.

   DEFENDANT UC:  UC has filed a motion to stay discovery (ECF No. 29) to allow the Court time to rule on UC's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18).  After that motion is ruled on, assuming any claims remain, UC believes a status conference would be appropriate to set a case schedule based on the remaining claims.  To the extent the Court intends to proceed at this time, UC will be prepared to make initial disclosures by May 24, 2024.

   ☐ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

2. **Magistrate Consent.** The parties:

   ☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

☒ do <u>not</u> unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**3. Discovery Plan.**

    **a.** *Discovery Issues*. Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

PLAINTIFFS: Plaintiff seeks discovery on liability and damges. Plaintiffs anticipate seeking discovery on the following topics: (i) the response of UC to the allegatsions by and Jane Roe and Karen Soe that they were were sexually assaulted by a fellow student during classes/rehearsals; (ii) UC's policies and practices for responding to allegations of sexual misconduct by students; and (iii) discovery into disciplinary records and prior investigations of allegations of sexual misconudct at UC to determine if the misconduct against Plaintiffs was a result of UC's indifference to the problem of pervasive sexual misconduct in the school. See Doe v. Metro. Govt. & Davidson Cty., 35 F.4th 459, 464 (6th Cir.2022) (noting that plaintiffs in deliberate indifference Title IX case has received in discovery disciplinary records for multiple years related to sexual misconduct); S.C. v. Metro. Govt. of Nashville & Davidson Cty., 86 F.4th 707, 715 (6th Cir. 2023) (instructing district court to consider whether alleged harassment was "just one example of the extensive sexual misconduct problem at" the school).

DEFENDANT UC: Defendant UC believes discovery should be stayed pending a decision on UC's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18) and has filed a motion to stay discovery (ECF No. 29).

Plaintiffs Jane Roe and Karen Soe allege non-party John Doe, also a UC student, inappropriately touched them in September and October 2021, during partnering class (female and male dancer are taught how to dance together) or during pas de deux rehearsals (a dance for two people, typically a male and a female) while Plaintiffs were students at UC. An investigation into their allegations of misconduct was conducted by UC and including subjecting John Doe to a full hearing.

Despite the investigation, hearing, and an appeal, Plaintiffs claim UC was deliberately indifferent to their reports of inappropriate touching during

2

dance rehearsals and retaliated against them, in violation of Title IX. Plaintiffs Jane Roe and Karen Soe graduated from UC's Conservatory of Music ballet program. UC believes both Plaintiffs obtained employment as ballet dancers and/or ballet dance instructors.

This case relates only to the allegations made by Plaintiffs against John Doe, and discovery focused on other issues is irrelevant. While this is not the vehicle to brief the issue and UC will not do so here, it will note that Doe v. Metro. Govt. & Davidson Cty. and S.C. v. Metro Govt. of Nashville & Davidson Cty., cited by Plaintiffs above, are wholly inapposite to the discovery Plaintiffs seek. Both cases involved the "same pattern of events," consisting of a specific, "widespread problem of students circulating sexual pictures and videos of themselves and their peers" engaging in unwanted sexual contact filmed on school grounds over multiple years and allegations that school administrators knew about the misconduct and refused to involve the district's Title IX coordinator to address the misconduct. That is not the case here, where two Plaintiffs, Jane Roe and Karen Soe, allege that a single individual, John Doe, sexually harassed them. Additionally, UC maintains a central office, the Office of Gender, Equity and Inclusion ("OGEI"), to investigate reports of sexual harassment, and it did investigate and conduct a hearing and appeal. UC believes discovery should be limited to Plaintiffs' claims and alleged damages.

   b. *Bifurcation*. The parties recommend that discovery:

   ☐ need not be bifurcated.

   ☐ should be bifurcated between liability and damages.

   ☐ should be bifurcated between factual and expert.

   ☐ should be limited in some fashion or focused upon particular issues that relate to

   PLAINTIFFS: Plaintiffs believe that discovery should be bifurcated between factual and expert.

   DEFENDANT UC: Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, UC believes both fact and expert discovery should conclude on the same date.

   c. *Recommended Discovery Deadlines*.

      i. Disclosure of lay witnesses:

         PLAINTIFFS: May 31, 2024.

3

    DEFENDANT UC: Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, UC believes the disclosure of lay witnesses should occur on October 1, 2024.

  ii. Disclosure and report of Plaintiff(s) expert(s):

    PLAINTIFFS: November 1, 2024.

    DEFENDANT UC: Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, UC believes Plaintiffs should be required to disclose expert witnesses on February 3, 2025.

  iii. Disclosure and report of Defendant(s) expert(s):

    PLAINTIFFS: November 29, 2024.

    DEFENDANT UC: Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, UC believes it should be required to disclose expert witnesses on April 1, 2025.

  iv. Disclosure and report of rebuttal expert(s):

    PLAINTIFFS: December 27, 2024.

    DEFENDANT UC: Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, UC believes Plaintiffs should be required to disclose rebuttal expert witnesses on May 1, 2025.

  v. Discovery cutoff:

    PLAINTIFFS: November 1, 2024 for fact discovery; January 31, 2025 for expert depositions.

    DEFENDANT UC: Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, UC believes that fact discovery and expert discovery should both conclude on June 30, 2025.

    **d.** *Expert Testimony*. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2):

    PLAINTIFFS: Plaintiff anticipatres retaining experts on the following topics: (i) the history of Title IX enforcement in colleges and universities; (ii) whether the investigation and adjudication of Plaintiff's allegations in this matter comprted with best practices and industry standards; (iii) whether a reasonable ballet instructor would view John Doe's conduct as inappropriate and best practices and industry standards for insructors to deal with such conduct; and (iv) damages for for lost income, lost employment opportunities, reputational damages, lost educational opportunities, and other non-emotional distress damages.

    DEFENDANT UC: Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, UC currently anticipates retaining expert witnesses related to ballet standards and to rebut plaintiffs' experts, including related to potentially recoverable damages. Plaintiffs graduated, and UC believes they are currently employed as ballet dancers and/or ballet dance instructors. The damages Plaintiffs seek also are unrecoverable as a matter of law. See S.C., 86 F.4th at 718.

    **e.** *Discovery of Electronically Stored Information*. Have the parties discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced?

    ☐ Yes

    ☒ No

        i. The parties have electronically stored information in the following formats:

        PLAINTIFFS: Emails and other electronically stored documents.

        DEFENDANT UC: Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, UC has emails and other electronically stored documents.

        ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

        PLAINTIFFS: None.

5

       DEFENDANT UC: Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, Defendant UC believes the case does not, at this time, present any issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced.

**f.** *Claims of Privilege or Protection.* Have the parties discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502?

☒ Yes

☐ No

    i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

    Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, the parties agree to attempt to reach agreement on a protective order that includes Rule 502 language.

    ii. Have the parties agreed on a procedure to assert such claims AFTER production?

    ☐ No

    ☒ Yes

    ☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

    Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, the parties agree to attempt to reach agreement on a protective order that includes a procedure to assert claims of privilege or of protection as trial preparation materials after production pursuant to Rule 502.

**g.** *Limitations on Discovery.* Agreed changes in the limitations on discovery:

☐ Extension of time limitations (currently one 7-hour day) in taking depositions to

6

☐ Extension of number of depositions (currently 10) permitted to See below.

☐ Extension of number of interrogatories (currently 25) to

☐ Other:

PLAINTIFFS:  Plaintiffs believe that the number of depositions permitted (currently 10) should be limited to 10 fact witnesses.  Deponents identified pursuant to 30(b)(6) and expert witnesses should not count towards the deposition limit.

DEFENDANT UC:  Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss. To the extent the Court permits discovery to proceed at this time, the limitations contained in the Civil Rules should be enforced. This case is about Plaintiffs' claims, not others.

☐ None

h. *Protective Order.* The parties:

☐ anticipate submitting a protective order to the Court on or before

Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss.

To the extent the Court permits discovery to proceed at this time, the parties will attempt to reach agreement on a joint protective order for submission to the Court.

☐ do not currently anticipate the need for a protective order. If the parties later deem that one is necessary, they will submit a joint proposed order to the Court.

*The parties should be familiar with Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299 (6th Cir. 2016), its progeny, and the Court's procedure for sealing documents.*

4. **Motion Deadlines.** The parties recommend the following deadlines for filing:

   a. Motions directed to the pleadings:

   PLAINTIFFS: N/A.

   DEFENDANT UC:  Defendant UC's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18) is pending.

7

    **b.** Motions to amend the pleadings and/or add additional parties:

        PLAINTIFFS: 30 days after the Court rules on pending Motion to Dismiss.

        DEFENDANT UC: Plaintiffs already amended once. Leave of Court should be required to amend pleadings.

    **c.** Dispositive motions:

        PLAINTIFFS: February 14, 2025.

        DEFENDANT UC: Defendant UC's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18) is pending. To the extent the Court permits discovery to proceed at this time, September 8, 2025 should be the deadline for dispositive motions.

**5. Hearing Dates.** The parties recommend the following dates for:

    **a.** Status conference (if any):

        30 days after the Court rules on UC's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18), if necessary.

    **b.** Final pretrial conference:

        PLAINTIFFS: April 2025.

        DEFENDANT UC: 30 days after any dispositive motion is ruled on.

    **c.** Commencement of trial:

        PLAINTIFFS: May 2025.

        DEFENDANT UC: If necessary, to be scheduled following the Court's ruling on dispositive motions.

        **i.** Anticipated number of days:

            PLAINTIFFS: 5.

            DEFENDANT UC: 5.

**6. Settlement and Alternative Dispute Resolution.**

    **a.** Suggestions as to the type and timing of efforts at Alternative Dispute Resolution:

> PLAINTIFFS: A settlement conference conducted by a Magistrate Judge after the Court rules on UC's Motion to Dismiss Plaintiffs' Amended Complaint.
>
> DEFENDANT UC:  Mediation would be most productive after the close of fact discovery.
>
> **b.** Has a settlement demand been made?  ☐ Yes  ☒ No
>
> A response?  ☐ Yes  ☐ No
>
> Date by which a settlement demand can be made: Within 21 days of Court's decision on Motion to Dismiss, if any claims remain.
>
> Date by which a response can be made:
>
> PLAINTIFFS: 7 days after demand.
>
> DEFENDANT UC:  21 days after demand.

**7. Other matters pertinent to the scheduling or management of this litigation**:

> PLAINTIFFS: This matter will involve the disclosure of material protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. FERPA does not prevent the disclosure of students' educational records subject to an appropriate protective order in connection with discovery in a case.  FERPA does, however, require that affected students receive notice in advance of production and an opportunity to raise objections. 34 CFR 99.31(a)(9).  So that discovery will not be delayed, Plaintiff is requesting that the Court require UC to immediately provide notice to those students it knows to be effected, including any students referenced in the Amended Complaint.
>
> DEFENDANT UC:  Defendant UC believes that discovery should be stayed pending a decision on UC's Motion to Dismiss.  Third-party student privacy concerns should be protected through a protective order. To the extent the Court

9

intends to proceed at this time, third-party student privacy concerns should be protected. Plaintiffs can serve discovery and UC will respond and/or object as appropriate and necessary. UC also will provide appropriate notice to students once both of the following have occurred: a protective order has been entered and Plaintiffs have served discovery requests.

**SUBMITTED BY:**

DAVE YOST
ATTORNEY GENERAL OF OHIO

s/Joshua A. Engel
by s/ Michael H. Carpenter
per email authorization (4/26/2024)
Attorney for Plaintiffs Jane Roe and Karen Soe
Engel & Martin, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com

s/Michael H. Carpenter
Attorney for Defendant University of Cincinnati
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
Michael B. Rogers (0098948)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
E-mail: carpenter@carpenterlipps.com
　　　　bricker@carpenterlipps.com
　　　　beekhuizen@carpenterlipps.com
　　　　barthel@carpenterlipps.com
　　　　rogers@carpenterlipps.com

Special Counsel for Defendant University of Cincinnati

| | |
|---|---|
| Attorney for | Attorney for |

| | |
|---|---|
| Attorney for | Attorney for |

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on April 29, 2024. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Michael H. Carpenter

Trial Attorney for
Defendant University of Cincinnati