IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE ROE, et al | Case No. 1:22-cv-376 |
| Plaintiffs, | Judge: HOPKINS |
| v. | |
| UNIVERSITY OF CINCINNATI, | RESPONSE TO MOTION TO STAY DISCOVERY |
| Defendant | |

Plaintiffs respectfully submit this Response to Defendant's Motion to Stay Discovery. (Doc#29.)

Plaintiffs deserve to have their claims heard in a timely and efficient manner and a stay of discovery conflicts with this legitimate goal. Defendant has not made a sufficient showing that this case presents the type of special circumstances necessary to overcome the high bar for such a motion in this Court. Nor has Defendant shown that discovery would not impose the same burden that nearly every defendant in this Court faces in civil litigation. For these reasons, the Motion should be denied.

A.  **Recent Decisions From The Sixth Circuit And This Court Undermine Any Claim That Defendant Has A Substantial Likelihood Of Success On Its Motion To Dismiss**

Defendant restates its arguments in the Motion to Dismiss, claiming that a stay is justified because the Motion to Dismiss asserts legal defenses which dispose of the entire case. Def. Memo. at PageID#304-305. Plaintiffs initially observe that this Court has found it "unpersuasive for a party to rely on the strength of" its potentially dispositive motion "in moving for a motion to stay…" *Preserve Partners, Inc. v. Sawmill Park Properties*, LLC, S.D. Ohio No. 2:22-cv-477, 2023 U.S. Dist. LEXIS 66438, at *4 (Apr. 14, 2023), *quoting Dummen NA, Inc. v. Proven Winners N. Am. LLC*, S.D. Ohio No. 2:16-CV-

1

00709, 2017 U.S. Dist. LEXIS 217181, at *1-2 (May 3, 2017). This Court has stated that it is "not inclined to grant a stay based on one party's view of the strength of its" motion to dismiss. *Id.*

Notwithstanding the foregoing, if this Court decides to consider the merits of the Motion to Dismiss, this Court should consider that Defendant's arguments, *are now significantly weaker* in light of recent decisions from the Sixth Circuit and this Court. *S.C. v. Metro. Govt. of Nashville & Davidson Cty.*, 86 F.4th 707 (6th Cir. 2023); *Doe v. Ohio Hi-Point School Dist. Bd. of Edn.*, S.D.Ohio No. 2:20-cv-4798, 2024 U.S. Dist. LEXIS 24118 (Feb. 12, 2024); *Doe v. Ohio Univ.*, S.D.Ohio No. 2:21-cv-00858, 2023 U.S. Dist. LEXIS 52435 (Mar. 27, 2023).

In *S.C.*, the Sixth Circuit reaffirmed that court's jurisprudence recognizing the validity of both "before" and "after" deliberate indifference claims – the exact claims asserted in the Amendment Complaint. *See* Response to Mot. To Dismiss, PageID#229-231, *discussing Doe v. Metro. Govt. & Davidson Cty.*, 35 F.4th 459, (6th Cir. 2022). In *S.C.*, the Sixth Circuit reaffirmed that a school may be liable if it maintained a policy of deliberate indifference to reports of sexual misconduct which created a heightened risk of sexual harassment that was known or obvious in a context subject to the school's control. Such "before" claims are viable even where the plaintiff was not the prior victim of sexual harassment, when the harassment was an "example of the extensive sexual misconduct problem at" the school.[1] 86 F.4th at 715. The Sixth Circuit also reaffirmed that a school may be liable where, after learning of the specific harassment of the victims, its response is clearly unreasonable in light of the

---

[1] *Compare* Amended Complaint ¶ 17 (alleging that "UC has a pattern and practices of both not taking allegations of sexual assault against female students seriously"); Amended Complaint ¶24 ("The accusations against John Doe were common knowledge in the Cincinnati dance community and, on information and belief, CCM faculty were aware of the allegations.").

2

known circumstances. Such "after" claims are viable where, "a result of the school's inaction, the threats and harassment continued."[2] 86 F.4th at 716.

In *Ohio Hi-Point School Dist*, Judge Sargus, on a summary judgment standard, found that a school district was not deliberately indifferent to a claim of student-on-student sexual assault and harassment when it, *inter alia*, notified the police, changed the schedules of the alleged perpetrators, separated the students, assigned the victim a support person to assure her safety, and ultimately disciplined one of the student who had been harassing and bullying the victim. *See 2024 U.S. Dist. LEXIS 24118, at \*36*. In contrast, in this case the Amended Complaint alleges that although UC was aware of the risk that John Doe posed to Plaintiffs, the school initially did nothing, then conducted a sham investigation and flawed hearing that, predictably, exonerated a star dancer.[3]

Finally, in *Ohio Univ.*, Judge Sargus, again on the more rigorous summary judgment standard, found that a school had knowledge of harassment when a student complained to a professor who "oversaw the class where the harassment took place." 2023 U.S. Dist. LEXIS 52435, at \*21. Judge Sargus found that a school could be deliberately indifferent under Title IX where, for example, the school "did not act even after other students asked the professor to step in."[4] 2023 U.S. Dist. LEXIS 52435, at \*23. This directly refutes Defendant's argument in the Motion to Dismiss (PageID#143-144) that a report to a faculty member and department chair are insufficient to trigger a school's obligations under Title IX.

---

[2] *Compare* Amended Complaint ¶ 69 ("school officials who had the authority to address the alleged discrimination and to institute corrective measures had actual knowledge of John Doe's conduct and failed to correct such behavior").

[3] *See, generally*, Amended Complaint ¶¶ 68-70 (describing flawed investigation and hearing).

[4] *Compare* Amended Complaint ¶¶ 28, 31, 33, 35-38 (describing complaints to faculty members about John Doe's conduct and insufficient response).

3

**B.      Discovery Should Proceed**

This case was initially filed in 2022. Briefing on the Motion to Dismiss was completed later that year. While Plaintiffs did not initially believe that it was necessary to proceed with discovery while the Court considered the Motion to Dismiss the Amended Complaint, the passage of time while the Court has considered the arguments of the parties has changed the calculus. At this point, Memories continue to fade; witnesses are graduating and pursuing professional careers in other states; and evidence may disappear or become inaccessible. Even under the most optimistic of scenarios, this case would have a dispositive motions deadline in 2025 with a trial likely some significant time after that date.

Plaintiffs do not contest that this Court "has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, S.D. Ohio No. 2:19-CV-191, 2019 U.S. Dist. LEXIS 84440, at *2 (May 20, 2019). But that is only the start of the analysis. This Court has noted that Defendants routinely file motions to stay discovery while a motion to dismiss is pending and as a result, has had the opportunity to develop applicable standards. *Shanks v. Honda of Am. Mfg.*, S.D. No. 2:08-CV-1059, 2009 U.S. Dist. LEXIS 66732, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). This Court's decisions on this issue reveal two important guiding principles:

1. This Court, "as a general rule" has not been inclined grant such motions. *Wilson v. ThyssenKrupp Elevator Corp.*, S.D.Ohio No. 2:20-cv-2138, 2022 U.S. Dist. LEXIS 9137, at *4 (Jan. 19, 2022), *quoting Shanks, supra.*. *See also Shelly & Sands, Inc. v. Dement*, S.D.Ohio No. 2:22-cv-4144, 2023 U.S. Dist. LEXIS 180770, at *4 (Oct. 6, 2023) (same); *Young v. Mesa Underwiters Specialty Ins. Co.*, S.D.Ohio No. 2:19-cv-3820, 2020 U.S. Dist. LEXIS 193327, at *3 (Oct. 19, 2020) (same); *EC New Vision Ohio, LLC v. Genoa Twp.*, S.D.Ohio No. 2:23-cv-691, 2023 U.S. Dist. LEXIS 120287, at *3 (July 12, 2023) (same).

2. This Court has imposed a "high bar" for defendants seeking to stay discovery, *Manns v. PHH Mtge. Servs.*, S.D.Ohio No. 2:22-cv-3507, 2023 U.S. Dist. LEXIS 142094, at *5 (Aug. 14, 2023). This Court has found that a stay may be appropriate only in "special

4

circumstances," such as frivolous cases (usually brought by *pro se* plaintiffs), "where 'the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds,'" or 'where the motion to dismiss is based on lack of jurisdiction.'" *Ryan v. Flagstar Bank FSB*, S.D.Ohio No. 2:23-cv-484, 2023 U.S. Dist. LEXIS 68146, at *2 (Apr. 18, 2023), *quoting Shanks, supra,* and *Young, supra.*

Applying these principles to the facts of this case, a stay is not warranted.[5] Defendant has not raised any defense based on "special circumstances" such as threshold legal questions like immunity, jurisdiction, or the statute of limitations. *Cf. Roth v. President of Ohio Univ.,* S.D.Ohio No. 2:08-cv-1173, 2009 U.S. Dist. LEXIS 83160, at *5 (Aug. 18, 2009) (denying stay requests where "[n]othing about"

---

[5] The cases relied upon by Defendant are inapposite. Most of the cases from this Court involved the type of special circumstances that permit a stay. *Ohio Power Co. v. Frontier N., Inc.*, S.D. Ohio No. 2:14-cv-341, 2014 U.S. Dist. LEXIS 191744, at *6 (Oct. 29, 2014) (motion to dismiss raised "the preliminary question of whether this Court has jurisdiction"); *Harris v. Erdos*, S.D.Ohio No. 1:20-cv-120, 2021 U.S. Dist. LEXIS 87402, at *3 (May 6, 2021) (*pro se* case brought by prisoner; motion to dismiss "raised legal claims attacking the sufficiency of plaintiff's amended complaint"); *Miller v. Countrywide Home Loans*, S.D.Ohio No. 2:09-cv-0674, 2010 U.S. Dist. LEXIS 63374, at *7 (June 4, 2010) (potentially frivolous claim by a *pro se* plaintiff; the court noted that "after reviewing [plaintiff's] complaint, the Court is not convinced that there is a strong likelihood his claims will survive the motions to dismiss"). Other decisions of this Court cited by Defendant merely recount the procedural history of the case and lack any discussion of why a stay of discovery was warranted under the particular circumstances. *See e.g. Waters v. Drake*, 222 F. Supp. 3d 582, 606 (S.D.Ohio 2016).

Defendant also cites a handful of Sixth Circuit cases, suggesting that the Court of Appeals had "affirmed" stay decisions in those cases. Def. Memo. at PageID#307-308. None of these involved situations comparable to the situation here; the use of the term "affirmed" is perhaps a bit of a stretch, especially when the cases were before the appellate court on a summary judgment standard. *Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*, 349 F.3d 300, 304 (6th Cir.2003), involved a situation where discovery was stayed after a party moved for summary judgement and the plaintiff did not seek additional discovery in accordance with Rule 56(f). Similarly, *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir.1999), involved a situation where a party "did not state any need for discovery until… a month after the district court had granted summary judgment in favor of" the defendant. *Flaim v. Med. College of Ohio*, 418 F.3d 629, 644 (6th Cir. 2005), was a case with a "highly exaggerated… initial complaint" and a motion to dismiss based on qualified immunity and, thus, involved the type of special circumstances that this Court recognizes permit a stay. Finally, *Muzquiz v. W.A. Foote Mem. Hosp.*, 70 F.3d 422, 430 (6th Cir. 1995), did not appear involve a stay of discovery at all.

5

pending motion "appears to distinguish it from the garden-variety Rule 12(b)(6) motion which is typically insufficient to justify granting a stay of discovery").

Instead, Defendant asserts that discovery would be "unduly costly, time-consuming, and/or burdensome." Def Memo. at PageID#309. However, the balance of hardships weighs in favor of allowing discovery to proceed. Granting the stay would undoubtedly further delay the progression of this case, thereby prejudicing Plaintiffs and undermining the ability of this Court to ensure that cases are resolved in an expeditious manner. *Wilson v. ThyssenKrupp Elevator Corp.*, S.D.Ohio No. 2:20-cv-2138, 2022 U.S. Dist. LEXIS 9137, at *7 (Jan. 19, 2022). *See also Ryan v. Flagstar Bank FSB*, S.D.Ohio No. 2:23-cv-484, 2023 U.S. Dist. LEXIS 68146, at *4 (Apr. 18, 2023) ("staying discovery potentially will prejudice Plaintiffs by delaying the resolution of this case"). This Court has said, "Plaintiffs deserve to have their claims heard in a timely and efficient manner. A stay of discovery conflicts with this goal." *Young,* 2020 U.S. Dist. LEXIS 193327, at *6.

This case has already been pending since 2022; should the Court ultimately stay discovery and then deny the motion to dismiss, yet more time will have been lost. Defendant has failed to demonstrate that good cause exists to clear the high bar required to justify a stay of discovery. Defendant has, beyond broad generalities that could apply in almost any case,[6] failed to make any "effort to detail the specific burdens it will face from discovery in this case; nor does [Defendant]

---

[6] The one specific issue Defendant identifies is the necessity of the production of information contained in education records is protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99. *See* Def. Memo. at PageID#210. This is not a reason to stay discovery, however, The parties are working on a proposed protective order, and the production of FERPA-protected records subject to a protect8ve order is standard practice. *See Project on Predatory Lending of the Legal Servs. Ctr. of Harvard Law School v. United States DOJ*, 325 F. Supp. 3d 638, 664 (W.D.Pa. 2018) (permitting production of FERPA material subject to protective order); *Jackson v. Willoughby Eastlake Sch. Dist.*, N.D. Ohio No. 1:16-cv-3100, 2018 U.S. Dist. LEXIS 49508, *4 (N.D. Ohio Mar. 23, 2018) (FERPA material may be produced subject to a protective order); *Doe v. Ohio State Univ.*, S.D. Ohio No.2:16-cv-171, 2018 U.S. Dist. LEXIS 176752, at *14 (Oct. 15, 2018) (requiring production of student records "pursuant to the parties' stipulated protective order").

6

explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion." *City of Lancaster v. Flagstar Bank, FSB*, S.D. Ohio No. 10-cv-1041, 2011 U.S. Dist. LEXIS 36726, at *13 (April 5, 2011). *See also Ohio Valley Bank Co. v. Metabank*, S.D.Ohio No. 2:19-cv-191, 2019 U.S. Dist. LEXIS 84440, at *9 (May 20, 2019) ("the Court notes that Defendant's conclusory contentions regarding the expense and burden of discovery are insufficient to outweigh the potential prejudice to Plaintiff from delay of this case").

At best, Defendant suggests that the Parties may disagree on the scope of the discovery sought. Plaintiff seeks discovery not only on the response of UC to the allegations by and Jane Roe and Karen Soe that they were sexually assaulted by a fellow student during classes/rehearsals, but also on UC's policies and practices for responding to allegations of sexual misconduct by students and prior investigations of allegations of sexual misconduct. Defendant disagrees with the scope of discovery sought by Plaintiffs. This disagreement is not a reason for a stay of discovery.[7] Certainly, it is not unusual for the parties to require, after good faith conferral, further Court assistance to resolve disputes about the appropriate scope of discovery. This is, in fact, an *argument against a stay* because once specific discovery requests are served, this Court will be in a better position to resolve any disputes between the parties.[8]

---

[7] This Motion is not the place to debate the proper scope of discovery in Title IX deliberate indifference cases. Plaintiff notes only that discovery into matters beyond the specific allegations by Plaintiffs against John Doe will be necessary to determine if the misconduct against Plaintiffs was a result of UC's indifference to the problem of pervasive sexual misconduct in the school. This is consistent with the discovery considered by the Sixth Circuit in recent Title IX deliberate indifference cases. *See Doe v. Metro. Govt. & Davidson Cty.*, 35 F.4th at 464 (noting that plaintiffs in deliberate indifference Title IX case has received in discovery disciplinary records for multiple years related to sexual misconduct); *S.C.* 86 F.4th at 715 (instructing district court to consider whether alleged harassment was "just one example of the extensive sexual misconduct problem at" the school). *Cf. Doe v. Ohio State Univ.*, No. 2:16-cv-171, 2018 U.S. Dist. LEXIS 176752 (S.D. Ohio Oct. 15, 2018) (in evaluating Title IX claim considering discovery outside the administrative record, including other student case files).

[8] If defendant believes a particular discovery request is unduly burdensome, it may so respond, supporting that position with sufficient information for Plaintiffs' counsel to assess the claim. If, after

**CONCLUSION**

      The Motion should be Denied.

                              Respectfully submitted,

                              /s/ Joshua A. Engel
                              Joshua Adam Engel (OH 0075769)
                              Scott O'Reilly (OH 0075717)
                              ENGEL AND MARTIN, LLC
                              4660 Duke Dr., Suite 101
                              Mason, OH 45040
                              (513) 445-9600
                              engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's ECF system this April 30, 2024 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel

---

counsel consult, they cannot agree as to whether the discovery should be provided, the Local Rules set forth the proper manner for seeking judicial assistance.