THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANE ROE, et al. | ) | Case No. 1:22-cv-00376 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffrey P. Hopkins |
| | ) | |
| v. | ) | Magistrate Judge _____ |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY OF CINCINNATI'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY**

**I.      INTRODUCTION.**

In their response to Defendant University of Cincinnati's ("UC") motion to stay discovery, Plaintiffs do not dispute that they suffered no alleged harassment by John Doe ***after*** they initially reported the alleged harassment to an appropriate person with official authority to remedy the alleged discrimination on UC's behalf, *i.e.*, UC's Office of Gender, Equity and Inclusion, in the fall of 2021. *See* UC's Motion to Stay Discovery ("Motion to Stay") (ECF No. 29) at PageID# 304 (citing Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss") (ECF No. 18) and UC's Reply in Support of its to Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss Reply") (ECF No. 22)). They also admit that UC then investigated their allegations; held a hearing; and allowed Plaintiffs to appeal UC's findings. These undisputed facts, all pled by Plaintiffs, establish UC cannot be deliberately indifferent as a matter of law and require that Plaintiffs' claims be dismissed.  Plaintiffs additionally do not dispute that they both succeeded in obtaining degrees from UC's College-Conservatory of Music ballet program and are employed as ballet dancers and/or ballet dance instructors.  *See* Motion to Stay at PageID# 302, 305, 308, 310.

Instead, despite ***not*** arguing they needed discovery to oppose UC's Motion to Dismiss,

Plaintiffs seek to start taking discovery that will impact the privacy rights of *non-party students* who have no knowledge of Plaintiffs' claims, including, by Plaintiffs' own admission, seeking information "contained in education records [that] is protected from disclosure by the Family and Education Rights and Privacy Act ('FERPA'), 20 U.S.C. § 1232g; 34 CFR Part 99." Response to Motion to Stay Discovery ("Response") (ECF No. 31) at PageID# 331 n.6. This should not be permitted.

Plaintiffs did not seek discovery to respond to UC's Motion to Dismiss because it would not have assisted them. UC's Motion to Dismiss is based entirely on the factual allegations and claims in the Amended Complaint, and the application of controlling Title IX law to the same. *See* Motion to Stay at PageID# 302, 304, 307-308. Proceeding with discovery now would be disproportional to the needs of the case given its impact on the privacy interests of students who are not parties to this litigation and the breadth of the discovery Plaintiffs seek. *See* Fed. R. Civ. P. 26(b)(1). Related to this, the burden and costs of proceeding with the discovery Plaintiffs seek are disproportional to the damages Plaintiffs can recover in light of the *Cummings* decision. *See* Motion to Stay at PageID# 305, 311.  The Court should not impose lengthy and costly discovery obligations before either side knows whether any or all the issues will be moot.

UC has demonstrated good cause for staying discovery in this matter and the Court should grant its Motion.

## II. DISCUSSION.

### A. Plaintiffs' Cited Authorities Do Not Change That UC's Motion To Dismiss Can Be Determined As A Matter Of Law Without Discovery.

The Sixth Circuit and the Southern District of Ohio have consistently recognized that a discovery stay is appropriate where, as here, a claim is likely to be dismissed based on legal determinations that cannot be altered by discovery. *See* Motion to Stay at PageID# 307-308.

2

Plaintiffs incorrectly assert that motions to stay discovery are only granted under narrow circumstances such as qualified immunity, jurisdictional disputes, or frivolous complaints.[1] Response at PageID# 329-30. In fact, in *Shanks v. Honda of Am. Mfg.*, a case cited by Plaintiffs, the court noted that it "might be persuaded to order a stay of discovery if it appears that the complaint will almost certainly be dismissed." No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009).

Recognizing discovery stays are appropriate when a motion to dismiss can be decided without discovery and/or dismissal of claims is warranted, Plaintiffs spend nearly half of their response rearguing their opposition to UC's Motion to Dismiss. *See* Response at PageID# 326-28. The three cases cited by Plaintiffs, however, do not make UC's motion to dismiss arguments "significantly weaker" as Plaintiffs claim. *Id.* at PageID# 327. Instead, **all three cases support UC's position**. Initially, the court in *Doe v. Ohio Hi-Point Sch. Dist. Bd. of Educ.* held that the plaintiff-student's peer-to-peer Title IX harassment claims ***failed*** as a matter of law. No. 2:20-CV-4798, 2024 WL 555898, *14 (S.D. Ohio Feb. 12, 2024). Recognizing the decision in *Ohio Hi-Point* does not support their position (despite the fact they rely on it), Plaintiffs attempt to distinguish it, but cannot do so. In *Ohio Hi-Point*, the institution met with the students making allegations; investigated the allegations; and provided accommodations to reduce the students' contact with their alleged harassers, including issuing no contact orders. *Id.* at *12-*14. These actions are identical to those taken by UC in responding to Plaintiffs' reports of harassment. *See*

---

[1] Plaintiffs cite no authority for their assertion that a discovery stay for a meritless complaint is reserved for cases "usually brought by *pro se* plaintiffs." Response at PageID# 330. UC's motion to stay discovery sets out numerous cases filed by attorneys on behalf of litigants in which discovery stays have been granted or affirmed. *See* Motion to Stay at Page ID# 306-308.

Motion to Dismiss at PageID# 144-45.[2] And based on the institution's actions, the Court in *Ohio Hi-Point* concluded, as a matter of law, that the defendant did not violate Title IX because its "actions do not demonstrate conscious disregard to [a] known risk to [plaintiff]." *Ohio Hi-Point*, 2024 WL 555898, at *14. The same is true with respect to UC's undisputed actions here.

Contrary to Plaintiffs' assertion, *Doe v. Ohio Univ.*, another case cited by Plaintiffs, does ***not*** hold that a report of sexual harassment to a faculty member establishes actual knowledge by a university. *See* Response at PageID# 328. Instead, the "actual knowledge" requirement for proving a Title IX claim was satisfied in that case because the alleged harassment was reported both to a professor and ***"the University's appointed Title IX investigators and Title IX coordinator."*** *Ohio Univ.*, No. 2:21-CV-00858, 2023 WL 2652482, at *7-*8 (emphasis added); *see also* UC's Response to Plaintiffs' Notice of Supplemental Authority (ECF No. 26) (addressing the same mischaracterization of *Doe v. Ohio Univ.* by Plaintiffs). Thus, *Doe v. Ohio Univ.* supports UC's position that it did not have "actual knowledge" of the alleged harassment until its Office of Gender, Equity and Inclusion received notice in the fall of 2021. *See* Motion to Dismiss at PageID# 137-39, 144; Motion to Dismiss Reply at PageID# 246, 248. Once UC had such actual knowledge, it acted quickly and appropriately. *See* Motion to Dismiss at PageID# 142, 144-45; Motion to Dismiss Reply at PageID# 241-42, 246-47.[3]

---

[2] UC also conducted a formal hearing and allowed an appeal, and neither Plaintiff alleges she suffered any further harassment after reporting the alleged harassment to UC's Office of Gender, Equity and Inclusion in Fall 2021. *See* Motion to Dismiss at PageID# 144-47.

[3] Plaintiffs' incorrect interpretation of *Doe v. Ohio Univ.* is also contrary to United States Supreme Court and Sixth Circuit decisions holding that a school cannot be liable under Title IX based on principles of agency, respondeat superior, vicarious liability, or the independent actions of school employees. *See* Motion to Dismiss at PageID# 140; Motion to Dismiss Reply at PageID# 245-46. A university has "actual knowledge" of alleged student-on-student sexual harassment only when an appropriate person "high enough up the chain-of-command that her decision constitutes the school's decision" learns of the alleged sexual harassment. *Kesterson v. Kent State Univ.*, 967 F.3d 519, 529 (6th Cir. 2020); *see also* 34 CFR § 106.30(a) (defining "actual knowledge," in

Plaintiffs additionally argue that the Sixth Circuit in *S.C. v. Metro Gov't of Nashville* "reaffirmed that court's jurisprudence recognizing the validity of both 'before' and 'after' deliberate indifference claims[.]" *See* Response at Page ID# 327. This is immaterial to UC's Motion to Dismiss in that UC has not contested the validity of Title IX "before" and "after" claims in principle. Rather, UC's position is that Plaintiffs fail to state either type of claim. Nothing in *S.C.* cures this defect or the others raised in UC's Motion to Dismiss.

*S.C.* and *Doe v. Ohio Univ*. additionally confirm that, in the event Plaintiffs' claims are not dismissed in their entirety, Plaintiffs are barred from recovering the damages they seek pursuant to *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022). *S.C.*, 86 F.4th at 718; *Ohio Univ.*, 2023 WL 2652482, at *5. As such, proceeding with discovery now would be disproportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Because UC has demonstrated good cause for staying discovery in this matter, the Court should grant its Motion.

### B. UC Has Demonstrated Good Cause To Stay Discovery.

Plaintiffs overstate the standard the Southern District of Ohio applies when determining whether a stay of discovery pending a dispositive motion is appropriate. As noted above, Plaintiffs' contention that "a stay may be appropriate only in 'special circumstances'" is simply not accurate. Response at PageID# 229-30. In both cases Plaintiffs cite[4] to support their position, the Southern

---

relevant part, as "notice of sexual harassment or allegations of sexual harassment to a recipient's Title IX Coordinator or any official of the recipient who has authority to institute corrective measures on behalf of the recipient."). Informing coaches and teachers is not enough. *See Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 705 (6th Cir. 2022) (citing *Kesterson*, 967 F.3d at 528-29); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).

[4] Plaintiffs cited to *Manns v. PHH Mortg. Servs.*, No. 2:22-CV-3507, 2023 WL 5198748, at *2 (S.D. Ohio Aug. 14, 2023) and *Ryan v. Flagstar Bank FSB*, No. 2:23-CV-484, 2023 WL 2983680, at *1 (S.D. Ohio Apr. 18, 2023).

District of Ohio undertook the proper analysis—"weigh 'the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Harris v. Erdos*, No. 1:20-CV-120, 2021 WL 1839739, at *1 (S.D. Ohio May 7, 2021) (quoting *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010), *report and recommendation adopted*, No. 1:20-CV-120, 2021 WL 4225125 (S.D. Ohio Sept. 16, 2021) (applying burden-benefit analysis and granting motion to stay discovery pending ruling on motion to dismiss "attacking the sufficiency of plaintiff's amended complaint on the Eighth Amendment claims alleged").

UC has demonstrated that a stay of discovery is warranted. Plaintiffs did not seek discovery to respond to UC's Motion to Dismiss. *See* Response at PageID# 329. Plaintiffs admit that rather than focus on their own claims, they intend to seek broad and irrelevant discovery related to ***other*** Title IX investigations involving ***other*** students. *Id.* at PageID# 332. Because of this, Plaintiffs also admit that this case will necessitate "the production of information contained in education records [that] is protected from disclosure." *Id.* at PageID# 331, n.6.

Related to FERPA protections and the privacy rights of non-parties, Plaintiffs have no convincing response to the most closely related case cited by either party on this issue: *Waters v. Drake*, 222 F. Supp. 3d 582, 606 (S.D. Ohio 2016). In *Waters*, the court considered Title IX claims against a university, and stayed discovery in consideration of the defendant's motion for judgment on the pleadings. *Id.* at 606. Plaintiffs' claim that *Waters* "lacks any discussion of why a stay of discovery was warranted under the particular circumstances." Response at PageID# 330, n.5. Respectfully, this is simply not true. The Court in *Waters* thoughtfully explained it had stayed discovery

> because the motion presented several threshold challenges to plaintiff's due process claims and because plaintiff had made clear his intention to seek wide-ranging

6

discovery. It was apparent that the discovery sought could impose a substantial burden on Ohio State and third parties, not only in terms of time and resources, but also raising attorney-client privilege and privacy concerns.

*Id.*

Just as in *Waters*, Plaintiffs here seek wide-ranging discovery into subjects well beyond the events forming the basis for their claims. *See* Response at PageID# 332; *see also id.* at PageID# 332, n.7 ("[D]iscovery into matters beyond the specific allegations by Plaintiffs against John Doe will be necessary.") And, just as in *Waters*, the discovery Plaintiffs seek will implicate the privacy concerns of non-party students, including non-party students who have no knowledge of any events related to Plaintiffs' allegations. This case is a far cry from "the garden-variety Rule 12(b)(6) motion" Plaintiffs reference. *Id.* at PageID# 331.

Plaintiffs identify delay as the only hardship they will face from a temporary stay of discovery. *Id*. at PageID# 331. Any brief delay while the Court considers UC's Motion to Dismiss, however, must be weighed against compromising the private educational records of potentially dozens of students, and a consideration of whether conducting discovery is proportional to the needs of the case at this time. Here, that balance weighs heavily in favor of staying discovery until the Court adjudicates UC's Motion to Dismiss. This Court should grant UC's motion to stay discovery.

### III. CONCLUSION.

For all the foregoing reasons, UC respectfully requests that the Court enter an Order staying all discovery pending the Court's ruling on UC's Motion to Dismiss Plaintiffs' Amended Complaint.

Respectfully submitted,

DAVE YOST
ATTORNEY GENERAL OF OHIO

By: /s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
Michael B. Rogers (0098948)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
E-mail: carpenter@carpenterlipps.com
bricker@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com
rogers@carpenterlipps.com

Special Counsel for Defendant
University of Cincinnati

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing was filed electronically on May 13, 2024. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

        /s/ Michael H. Carpenter
        Michael H. Carpenter

        Trial Attorney for
        Defendant University of Cincinnati