**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JANE ROE, et al. | ) | Case No. 1:22-cv-00376 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffrey P. Hopkins |
| | ) | |
| v. | ) | Magistrate Judge Karen L. Litkovitz |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY OF CINCINNATI'S**
**BRIEF REGARDING DISCOVERY DISPUTE**

Pursuant to the Court's Minute Entry dated November 26, 2024, Defendant University of Cincinnati ("UC") respectfully addresses the current discovery dispute raised by plaintiffs.

**I.     BACKGROUND.**

   **A.     UC's Pending Motion To Dismiss.**

Plaintiffs Jane Roe and Karen Soe attended UC's College-Conservatory of Music ("CCM") ballet program and graduated in Spring 2023, and non-party John Doe is a current student at CCM. Plaintiffs' amended complaint filed September 30, 2022 (ECF No. 15), alleges John Doe touched them inappropriately in September and October 2021, during dance classes teaching males and females how to dance together. Plaintiffs allege UC was deliberately indifferent to reports of alleged sexual harassment, and engaged in retaliation in violation of Title IX, despite the undisputed facts that UC conducted an investigation, a hearing and an appeal into John Doe's conduct, met multiple times with Jane Roe, provided accommodations to reduce her contact with John Doe, and issued a mutual no-contact order. *See generally* Amended Complaint (ECF No. 15); UC's Motion to Dismiss (ECF No. 18); UC's Reply to Motion to Dismiss (ECF No. 22). UC moved to dismiss plaintiffs' claims in their entirety, and the motion is ripe for decision.

B. **The May 15, 2024 Preliminary Pretrial Conference.**

On April 19, 2024, UC filed a motion to stay discovery pending a ruling on UC's motion to dismiss. *See* UC's Motion to Stay (ECF No. 29). Judge Hopkins held a preliminary pretrial conference on May 15, 2024, at which plaintiffs' counsel represented that any FERPA protected discovery sought would be "***limited*** to the students who are listed in the investigative report and who were interviewed as part of the investigation." Tr. of May 15, 2024 Prelim. Pretrial Conf. at 19:25, 20:1-2 (ECF No. 35) (emphasis added). In reliance, Judge Hopkins (1) denied UC's request to stay discovery, but stated plaintiffs are seeking "more" discovery "than may be warranted," *id*. at 17:1-2; (2) directed that discovery should go forward on an "incremental basis" only, *id*. at 17:8-9, 17:22; (3) expressed concern for the "rights" of non-party students, whose privacy rights would be violated by allowing the disproportional and broad discovery plaintiffs seek, *id*. at 23:3-4; and (4) invited UC to object to plaintiffs' discovery requests. *Id*. at 16:8-13.

C. **The At-Issue Discovery.**

UC has produced more than 7,500 pages of documents. Contrary to plaintiffs' counsel's representation to Judge Hopkins, plaintiffs now seek irrelevant discovery concerning (1) unrelated allegations of sexual harassment involving non-party students and (2) UC's responses to U.S. Department of Education investigations into unrelated allegations of sexual harassment involving non-party students. The non-party students were not a part of the investigation related to John Doe.

Plaintiffs claim the at-issue discovery relates to a purported "before"/"heightened risk" Title IX claim (which is subject to UC's pending motion to dismiss). A "before"/"heightened risk" theory of liability is a high bar. To state such a claim, a plaintiff must allege that UC, as an institution, (1) "maintained a ***policy*** of deliberate indifference to reports of sexual misconduct"; and (2) this policy "created a heightened risk of sexual harassment that was ***known*** or ***obvious***" to

2

UC administrators who had the authority to address the alleged misconduct and take corrective action on UC's behalf. *Doe on behalf of Doe #2*, 35 F.4th 459, 463, 465 (6th Cir. 2022) (emphasis added); *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 705 (6th Cir. 2022).

Plaintiffs' allegations here do not come close to stating a "before"/"heightened risk" theory of liability for the reasons stated in UC's motion to dismiss briefing. *See* UC's Reply to Motion to Dismiss (ECF No. 22), PageID # 249-51. As such, plaintiffs are not entitled to the ***irrelevant*** and ***disproportional*** discovery they seek involving non-party students unrelated to plaintiffs' claims.

D.   **The Discovery Conferences.**

On November 5, 2024, UC submitted a position statement to Judge Litkovitz's chambers outlining its position regarding the at-issue discovery.[1] *See* UC's Nov. 5, 2024 Position Statement, attached as Exhibit A. UC incorporates by reference its November 5, 2024 Position Statement.

On November 8, 2024, Judge Litkovitz held an informal discovery conference to discuss the at-issue discovery. *See* Nov. 8, 2024 Order (ECF No. 38). Pursuant to Judge Litkovitz's order issued on November 8, 2024, UC agreed to produce John Doe's admission files for UC's main campus and CCM to plaintiffs and did so on November 22, 2024. John Doe's admission files contain ***no*** indication that John Doe posed any threat to anyone at UC prior to his admission, further supporting dismissal of John Doe's "before" claim.

Judge Litkovitz also directed UC's counsel to consult with UC as to whether UC believed it would be required to provide notice to non-party students who were not a part of the investigation before producing documents governed by FERPA if students' names and other personally identifiable information ("PII") are redacted from those documents.

At a November 26, 2024 follow-up discovery conference, UC's counsel confirmed that UC

---

[1] On September 26, 2024, Judge Hopkins referred all discovery disputes between the parties to Chief Magistrate Judge Litkovitz. *See* Sept. 26, 2024 Order (ECF No. 36).

would, in fact, be required to provide notice to non-party students pursuant to FERPA even if their PII were redacted. Also at the November 26, 2024 discovery conference, plaintiffs' counsel confirmed that he is unaware of any complaints of sexual harassment that have arisen out of CCM or in the ballet program involving John Doe or anyone else supporting plaintiffs' "before" claim. Judge Litkovitz ordered the parties to submit additional briefing regarding the discovery disputes, particularly to address why UC would be required to provide notice to non-party students if their PII were redacted and whether UC provided notice to students before UC provided information to the U.S. Department of Education as part of its prior, unrelated investigations of UC.

## II.     ARGUMENT.

Plaintiffs' request for the irrelevant and confidential educational records of non-party students is inappropriate and should be denied. Plaintiffs are only permitted to engage in discovery relevant to their well-pled claims. They are not permitted to engage in a fishing expedition in search of a claim as they are doing here.

### A.     Prior Unrelated Reports of Harassment (Interr. No. 5, RFP Nos. 20, 27-30).

Plaintiffs' Interrogatory No. 5 and RFP Nos. 20 and 27-30 seek detailed information regarding the identification of, and information related to, all alleged non-party student-victims and/or perpetrators of sexual misconduct at UC from 2012 through 2022. This includes a description of the allegations; the gender of the complainant and respondent; the name(s) of the alleged perpetrator(s); the results of any investigations, appeals or hearings related to the allegations; any sanctions or discipline imposed on a student; any supportive measures provided to alleged victims, and related documents.[2] *See* UC's Responses and Objections to Plaintiffs' (1)

---

[2] The documents sought include, among others: all notes, agendas, summaries, or communications between UC staff and the complaining student(s); all documents concerning any formal or informal complaints or reports of sexual misconduct to any UC employee or received elsewhere and referred to UC; all investigative files, interview memoranda, witness statements and related documents; all documents

4

First Set of Interrogatories and (2) First Set of RFPs, attached as Exhibits B and C.

UC objected to Interrogatory No. 5 and RFP Nos. 20 and 27-30 on the grounds that they were overly broad and sought information that was not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case because they sought information well beyond the scope of plaintiffs' allegations in their Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' allegations. *Id*. UC also objected that this discovery sought confidential, personally identifiable personal health, personal educational, and/or other non-public information of a private, personal, or sensitive nature related to non-party students that is protected by FERPA and/or other federal or state law. *Id*.[3]

The information requested by plaintiffs would require UC to disclose sensitive information about former and current UC students. 20 U.S.C. § 1232g, 34 C.F.R. § 99. Plaintiffs do not dispute that such information constitutes educational records to which FERPA applies and have acknowledged that UC has a duty to prevent the disclosure of educational records of any of its students. *See* Motion for Leave to Proceed Anonymously, (ECF No. 2) at PageID # 27 ("Defendant … has an obligation to maintain the confidentiality of educational records under FERPA.").

FERPA precludes educational institutions from disclosing "personally identifiable information in education records," without a student's prior consent unless a specifically enumerated exception applies. 20 U.S.C. § 1232g(b)(2); 34 CFR § 99.31. "Personally identifiable information" protected by FERPA is not limited to students' names, addresses, or personal identifiers such as social security numbers or student ID numbers, but is broadly defined to include,

---

concerning results of adjudicatory hearings; and student academic records, among others.

[3] In the interest of brevity, UC incorporates all arguments stated in in its objections to Interrogatory No. 5 and RFP Nos. 20 and 27-30 regarding why the requested discovery should be denied. UC focuses here on the Court's specific request at the November 26, 2024 discovery conference for briefing related to whether UC is required to provide notice to students before disclosing information.

5

and "is not limited to," "indirect identifiers"; "information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty"; and "[i]nformation requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates." 34 C.F.R. § 99.3(e), (f), (g) (definition of "Personally identifiable information").

An exception allows disclosure of "information furnished in compliance with judicial order or pursuant to any lawfully issued subpoena," 20 U.S.C. § 1232g(b)(2)(B), but *only* if notice is provided in advance of compliance. 34 C.F.R. § 99.31(a)(9)(ii) (emphasis added).

Redacting PII does not eliminate the need to provide notice here. FERPA's regulations provide that notice is not required if PII is removed from the educational records *only if the institution* "has made a reasonable determination that a student's identity is not personally identifiable, whether through single or multiple releases, and taking into account other reasonably available information." 34 C.F.R. § 99.31(b)(1). Notice is still required even if PII is redacted where, as here, the student could still be identified. *Id.*; 34 C.F.R. § 99.3(e), (f), (g), *supra*.

Judge Litkovitz's suggestion to limit Interrogatory No. 5 to CCM or the ballet program would not eliminate the need to provide notice. Plaintiffs acknowledge that CCM is a small, tightly knit community. *See* Pls' Resp. to UC's MTD (ECF No. 20), PageID# 217-218 ("The ballet community is small"). Only 215 undergraduate students and 180 graduate students were admitted to CCM in 2024, which is typical for the last several years. CCM's ballet program is even smaller. The ballet program employs only 4 full-time faculty, and only about 50-60 students matriculate each year. Only three classrooms are equipped for dance instruction. CCM and the ballet program are so small that UC cannot "make a reasonable determination that a student's identity is not

6

personally identifiable" by information disclosed in response to Interrogatory No. 5 or contained in responsive files, even if such PII were redacted. 34 C.F.R. § 99.31(b)(1). Without that "reasonable determination," notice is required under FERPA. *Id.* It is recognized that "even redacted disclosure poses a risk to third parties given the detail and volume of information that is likely to be in these files." *Smith v. Brown Univ.*, 695 F. Supp. 3d 246, 250 (D.R.I. 2023).

To see this is the case, take Jane Roe's report to UC for example. If, in another case, a different CCM student asked UC to "[i]dentify all students who have been alleged to have been the victims of Sexual Misconduct at UC" in 2021 and to "describe the nature of the allegation," even if UC redacted Jane Roe's name and provided only a basic description of her complaint and how it was resolved, UC could not reasonably determine that Jane Roe's, Karen Soe's and John Doe's identities still would not be personally identifiable to others given they were part of the small CCM ballet community during the 2021-22 school year. UC would have to provide notice.

Plaintiffs filed a motion for leave to proceed anonymously stating disclosure of their true identities would "forever associate them with allegations of sexual misconduct" and cause plaintiffs to "suffer public embarrassment and irreparable harm to their future career and reputation." *See* Motion for Leave to Proceed Anonymously, (ECF No. 2) at PageID # 25. Yet now, they are going back on their promise to Judge Hopkins and seeking information and records that could reveal the identities of fellow non-party students who have absolutely no relation to plaintiffs' claims. This is unfair and improper.

Further, even if all PII could be redacted in a manner that a student's identity could not be determined through other means, which it cannot here, doing so would be unduly burdensome. UC does not maintain records by college, so UC would be required to search for and review all reports to determine which ones arise from CCM or involve ballet. Files related to reports of sexual

7

harassment are often quite large, as they may include documents related to investigations, hearings, recordings, supportive measures, and disciplinary measures, among others. Redactions would be time-consuming and would likely not protect students' identities for the reasons discussed. Requiring UC to produce such files is inconsistent with protecting students' privacy and is in direct contravention of Judge Hopkins' stated approach to protect students' privacy rights. UC should not be required to undertake such a weighty task, particularly where plaintiffs have not pled sufficient facts to state a "before" claim, the only purported reason for Interrogatory No. 5 and RFP Nos. 20 and 27-30.

Plaintiffs' arguments to the contrary are unavailing. Plaintiffs' counsel opines that notices are not required, that the Stipulated Protective Order is sufficient to protect the identities of non-party students, and that such information can be disclosed for "attorneys'-eyes only." All are incorrect. As discussed, notices to impacted students are required, and FERPA makes no exception to its consent and notice requirements for protective orders or opposing counsel's eyes. Absent notices to the non-party students, FERPA does not allow the disclosure of their identities to anyone, including counsel in litigation.

Plaintiffs' desire for the information at issue is an improper fishing expedition. Plaintiffs' counsel's admission at the November 26, 2024 discovery conference that he is unaware of any complaints of sexual harassment that have arisen out of CCM or in the ballet program *confirms* that the discovery plaintiffs seek is in *search* of a claim, not in *support* of their Title IX claims.

In summary, UC is required to protect the privacy and confidentiality of educational records, including PII pursuant to FERPA. UC cannot provide redacted records without notice to the students unless it "has made a reasonable determination that a student's identity is not personally identifiable." 34 C.F.R. § 99.31(b)(1). It cannot do so here, and UC would be required

8

under FERPA to notify every student in every complaint.

### B.     U.S. Department of Education Materials (Interrog. No. 16, RFP Nos. 24 & 25).

In plaintiffs' first sets of interrogatories and requests for production, they make several requests for information submitted to the U.S. Department of Education. *See* Exhibit B, UC's Interrog. Responses at 15 (Interrog. No. 16); Exhibit C, UC's Responses and Objections to Plaintiffs' First Set of RFPs at 18-20 (RFP Nos. 24 and 25).[4]

UC produced to plaintiffs its Annual Security Reports for the years 2019-2022 on August 15, 2024. UC objected to the portions of the requests seeking additional information on the grounds that they were overly broad and sought information that was not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case because they sought information well beyond the scope of plaintiffs' allegations in their Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' allegations. *Id*. UC also objected that the discovery requests sought confidential, personally identifiable personal health, personal educational, and/or other non-public information of a private, personal, or sensitive nature related to non-party students that is protected by FERPA and/or other federal or state law. *Id*.  UC further objected to the extent plaintiffs sought information protected by attorney-client privilege and/or the work product doctrine. *Id*.

Interrogatory No. 16 and RFP Nos. 24 and 25 seek information from UC that is irrelevant, disproportional to the needs of the case, and unduly burdensome for the same reasons explained above related to Interrogatory No. 5 and RFP Nos. 20 and 27-30. Disclosing PII of students to plaintiffs also would require UC to notify every student whose identity could be revealed. Requiring UC to assess which students are implicated and provide notices to them additionally

---

[4] The name of a UC student has been redacted from RFP Nos. 10 and 11 for purposes of this public filing. RFP Nos. 10 and 11 are not at issue in this dispute.

would impose an undue burden on UC that is disproportional to the needs of the case, particularly where plaintiffs' only stated purpose for these unrelated reports of sexual harassment is to fish for evidence of a "before" claim that is not sufficiently pled in the first place.

In response to the Court's inquiry, UC is not required to provide notice to students before sending educational records to the U.S. Department of Education for investigative purposes. FERPA contains an explicit exception to the notice requirement for materials disclosed to representatives of the Secretary of Education. 34 C.F.R. § 99.31(a)(3)(iii).

The U.S. Department of Education is subject to strict requirements to protect PII in confidential educational records protected by FERPA. *See* 34 C.F.R. § 99.35. These strict requirements and protections do not apply when PII is disclosed to non-parties like plaintiffs and their counsel in this case who seek to engage in fishing expeditions hoping to obtain information for their next case, to the prejudice of innocent students who have not consented to be a part of it.

## III. CONCLUSION.

Plaintiffs are proceeding anonymously in this case. Yet now, they seek information that could lead to non-party students' identities being revealed. They also are ignoring their counsel's representations to Judge Hopkins that led to his allowing discovery to proceed on an iterative basis only. The non-party student information sought is irrelevant to plaintiffs' claims and the non-party students should not be put at risk of having their identities disclosed. UC also should not be ordered to undergo the great efforts it would take to comply with FERPA to satisfy plaintiffs' baseless fishing expedition. Plaintiffs' position raises the question of what factual basis plaintiffs had for asserting a "before" claim in the first place. Given they were not able to properly plead such a claim, it appears they had none. Plaintiffs' requests for the additional discovery they seek related to Interrogatory Nos. 5 and 16 and RFP Nos. 20, 24-25, and 27-30 should be denied.

        Respectfully submitted,

        DAVE YOST
        ATTORNEY GENERAL OF OHIO

By:   /s/ Michael H. Carpenter
       Michael H. Carpenter (0015733) (Trial Attorney)
       Timothy R. Bricker (0061872)
       Michael N. Beekhuizen (0065722)
       David J. Barthel (0079307)
       Michael B. Rogers (0098948)
       CARPENTER LIPPS LLP
       280 Plaza, Suite 1300
       280 North High Street
       Columbus, OH 43215
       Phone: (614) 365-4100
       Fax: (614) 365-9145
       E-mail: carpenter@carpenterlipps.com
              bricker@carpenterlipps.com
              beekhuizen@carpenterlipps.com
              barthel@carpenterlipps.com
              rogers@carpenterlipps.com

       Special Counsel for Defendant
       University of Cincinnati

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was filed electronically on December 20, 2024. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Michael H. Carpenter

One of The Attorneys for
Defendant University of Cincinnati