**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JANE ROE, et al. | ) | Case No. 1:22-cv-00376 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffrey P. Hopkins |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY OF CINCINNATI'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant the University of Cincinnati ("UC") provides the following objections and answers to Plaintiffs' First Set of Interrogatories ("First Set of Interrogatories"):

## GENERAL OBJECTIONS

1. UC objects to the First Set of Interrogatories, and the related definitions, insofar as they purport to impose upon UC obligations and burdens different from, or in excess of, those permitted by the Federal Rules of Civil Procedure; the Local Civil Rules of the United States District Court for the Southern District of Ohio; and/or the Court's order(s).

2. UC objects to the First Set of Interrogatories to the extent they seek information protected from discovery under the attorney work product doctrine, attorney-client privilege and/or any other applicable privilege or protection.

3. UC objects to the First Set of Interrogatories to the extent they seek information in the possession, custody, or control of persons or entities other than UC, or otherwise as easily obtained by plaintiffs as by UC.

4. UC objects to the First Set of Interrogatories to the extent that the information



sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive.

5.      UC objects to the First Set of Interrogatories to the extent they are overly broad, unduly burdensome and/or are vague or ambiguous.

6.      UC objects to the First Set of Interrogatories to the extent they seek information that is not relevant to the allegations set forth in plaintiffs Amended Complaint (ECF# 15) (the "Amended Complaint"), not reasonably calculated to lead to the discovery of admissible evidence, and/or not readily accessible because of undue burden and/or cost.  UC further notes that to the extent it agrees to search for and produce responsive documents, UC will search sources reasonably believed to contain responsive documents and will not undertake to restore backed-up and/or archived materials due to undue burden and/or cost.

7.      UC reserves the right to challenge the relevance, materiality, authenticity and/or admissibility of any of the information or documents produced in answer to the First Set of Interrogatories in any subsequent proceeding or trial in this or any other action.

8.      UC objects to the First Set of Interrogatories to the extent that they ask for information that contains or discloses information of a confidential nature, including, but not limited to, confidential information of students or employees affiliated with UC. Such information, if not otherwise objectionable, will only be produced subject to the terms of the Protective Order entered on May 29, 2024 (ECF# 34).

9.      UC objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the First Set of Interrogatories.  UC's answers are not intended to indicate that UC agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues.

2

10.     UC objects to the Definitions section of the First Set of Interrogatories as overly broad and encompassing conduct not at issue in this matter.

11.     UC objects to the Definitions section of the First Set of Interrogatories on the grounds that plaintiffs' definition of "Supportive Measures" is vague.

12.     These answers are made without in any way waiving or intending to waive:

        (i)     any objections to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information produced in answer to the First Set of Interrogatories or the subject matter thereof;

        (ii)    the right to object on any ground to the use of the information produced in answer to the First Set of Interrogatories or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

        (iii)   the right to object on any ground at any time to a demand for further answer to the First Set of Interrogatories; and/or

        (iv)    the right at any time to revise, supplement, correct, or add to these answers and objections.

13.     UC reserves the right to use during litigation and through trial any information developed through its investigation, discovery, and/or trial preparation which was not known to UC when these answers were served.  UC reserves the right to supplement or amend its answers as appropriate.  UC's answers and objections are based on UC's knowledge as of the date of service.

### SPECIFIC OBJECTIONS AND WRITTEN RESPONSES

**INTERROGATORY NO. 1**:  Identify every document you reasonably anticipate introducing as an exhibit at trial or in support of or in opposition to a motion for summary

judgment.

**ANSWER:** UC objects to this interrogatory as premature because it has not decided which documents it may use as exhibits at the trial of this matter or in support of, or in opposition to, a motion for summary judgment. UC also objects to this interrogatory as overly broad and premature in that discovery is just beginning. UC additionally objects to this interrogatory to the extent it seeks expert materials. Such materials will be disclosed at the time, to the extent, and in the manner required by the Court's case schedule.

UC further objects to this interrogatory to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including, but not limited to, by requiring that UC identify documents it may use in support of or opposition to a motion for summary judgment prior to filing the motion for summary judgment.

Subject to and without waiving its general and specific objections, and the protective order, UC will identify exhibits it may use at trial and documents supporting or in opposition to a motion for summary judgment when, to the extent and in the manner required by the Court's case schedule, the Local Rules and/or the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 2:** Identify every person you reasonably anticipate calling as a witness at trial or who you anticipate will be submitting an affidavit in support of or in opposition to a motion for summary judgment. For each person identified in response to this Interrogatory, describe the person's anticipated testimony.

**ANSWER:** UC objects to this interrogatory as premature because it has not decided which witnesses it anticipates it will call to testify at the trial of this matter or from whom it will seek an affidavit or declaration in support of, or in opposition to, a motion for summary judgment. UC also

4

objects to this interrogatory as overly broad and premature in that discovery is just beginning. UC additionally objects to this interrogatory to the extent it seeks the identification of experts. Expert disclosures will be made at the time, to the extent, and in the manner required by the Court's case schedule.

UC further objects to this interrogatory to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including, but not limited to, by requiring that UC identify persons from whom it may submit affidavits or declarations in support of, or in opposition to, a motion for summary judgment prior to filing the motion for summary judgment.

Subject to and without waiving its general and specific objections, and the protective order, UC will identify the lay and expert witnesses it intends to call at trial, and the persons from whom it may submit affidavits or declarations in support of, or in opposition to, a motion for summary judgment when, to the extent and in the manner required by the Court's case schedule, the Local Rules and/or the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3:** Identify every expert you reasonably anticipate calling as a witness at trial or who you anticipate will be submitting an affidavit in support of or in opposition to a motion for summary judgment. For each person identified in response to this Interrogatory, summarize the expert witness's testimony, findings, analysis, conclusions, or opinion, and provide a summary of the expert's qualifications.

**ANSWER:** UC objects to this interrogatory as premature because UC has not decided which expert witnesses it anticipates it will call to testify at the trial of this matter or from whom it may seek an affidavit in support of, or in opposition to, a motion for summary judgment. UC also objects to this interrogatory as overly broad and premature in that discovery is just beginning.

Expert disclosures will be made at the time, to the extent and in the manner required by the Court's case schedule.

UC objects to this interrogatory to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including, but not limited to, by requiring that UC identify experts from whom it may submit affidavits or declarations in support of, or in opposition to, a motion for summary judgment prior to filing the motion for summary judgment.

Subject to and without waiving its general and specific objections, and the protective order, UC will make its expert disclosures, and identify experts from whom it may submit affidavits or declarations in support of, or in opposition to, a motion for summary judgment when, to the extent and in the manner required by the Court's case schedule, the Local Rules and/or the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:** Identify all persons who took any action concerning the investigation or adjudication of the claims than Jane Roe or Karen Soe that John Doe committed Sexual Misconduct. For each person identified in response to this interrogatory: describe in detail the actions taken by each person in the investigation or adjudication of the claims than Jane Roe or Karen Soe that John Doe committed Sexual Misconduct; and describe in detail any training completed by the person concerning the investigation or adjudication of allegations of sexual misconduct.

**ANSWER:** UC objects to this interrogatory as being vague in that the phrase "investigation or adjudication of the claims than Jane Roe or Karen Soe" is confusing. If plaintiffs clarify what they seek, UC will supplement its answer and/or objections to this interrogatory. UC also objects in that plaintiffs have failed to define what they mean by "claims," "action" and "training." UC also

objects to the extent this interrogatory seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel and/or attorney work product.

**INTERROGATORY NO. 5**: Identify all students who have been alleged to have been the victims of Sexual Misconduct at UC from 2012 through 2022. For each person identified: describe the nature of the allegation; state the gender of the complainant and the respondent; identify the alleged perpetrator(s); describe the results of any investigation and/or any appeal or hearing on the allegations, including any sanctions or discipline imposed on a student (including any interim sanctions imposed prior to the resolution of the matter); and describe any supportive measures requested by and/or provided to the alleged victim.

**ANSWER**: UC objects to this interrogatory as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks information beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' allegations.

UC also objects to this interrogatory because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104–191, and/or other federal or state law.

**INTERROGATORY NO. 6**: Describe the investigative, appeal and/or hearing process for allegations that students have engaged in Sexual Misconduct from 2012 to 2022. If the process has changed over time, please describe all changes and the effective dates of the changes.

**ANSWER:** UC objects to this interrogatory as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' allegations.

Subject to, and without waiving the foregoing general and specific objections, and the protective order, *see* UC's Response to Request No. 19 of Plaintiffs' First Set of Requests for the Production of Documents ("First Set of RFPs").

**INTERROGATORY NO. 7:** Identify all UC faculty members who were aware of allegations that John Doe had inappropriately touched Jane Roe or Karen Soe. For each individual identified in response to this interrogatory, state how the person became aware of the allegation, the date and time the person first became aware, describe in detail the substance of the allegation; describe in detail any corrective measures or other actions taken by the person after becoming aware of the allegation; and describe any supportive measures provided to the alleged victim.

**ANSWER:** UC objects to this interrogatory as being vague in that plaintiffs have failed to define what they mean by "faculty members," "aware," "corrective measures" and "other actions." UC also objects to the extent this interrogatory seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel and/or, attorney work product. UC additionally objects to this interrogatory as seeking information in the possession, custody or control of others.

Subject to the foregoing general and specific objections, and subject to the protective order, *see* UC's Responses to Request Nos. 5, 6, 7, 8, 9, and 12 of Plaintiffs' First Set of RFPs.

**INTERROGATORY NO. 8:** Identify all CCM faculty members were aware of

8

complaints that John Doe had inappropriately touched any female dance partners in addition to Jane Roe or Karen Soe. For each individual identified in response to this interrogatory, state how the person became aware of the allegation, the date and time the person first became aware, describe in detail the substance of the allegation; describe in detail any corrective measures or other actions taken by the person after becoming aware of the allegation; describe any supportive measures provided to the alleged victim; and describe any investigation or adjudication of the allegation.

**ANSWER:** UC objects to this interrogatory as being vague in that plaintiffs have failed to define what they mean by "faculty members," "aware," "complaints," "corrective measures," "other actions," "investigation," and "adjudication." UC also objects to this interrogatory as overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks information unrelated to plaintiffs' Title IX claims and potentially unrelated to UC.

UC further objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104–191, and/or other federal or state law

Subject to the foregoing general and specific objections, and the protective order, *see* UC's Responses to Plaintiffs' Unnumbered Request and Request No. 11 of Plaintiffs' First Set of RFPs.

**INTERROGATORY NO. 9:** Identify all persons at CCM who had the authority to provide supportive measures, remove students from classes, assign appropriate alternative

9

educational opportunities, or take any other steps designed to protect female dancers at CCM from sexual harassment from 2020 through 2022.

**ANSWER:**  UC objects to this interrogatory as being vague in that plaintiffs have failed to define what they mean by "authority," "provide supportive measures," "assign appropriate educational alternative educational opportunities," and "other steps designed to protect female dancers." UC also objects to this interrogatory as being overly broad and seeking information that is not relevant and not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it potentially seeks information unrelated to plaintiffs' Title IX claims.

Subject to its general and specific objections, and the protective order, UC states that no one at CCM had the authority to take corrective action on UC's behalf to remedy alleged violations of Title IX.  CCM has the ability to make class assignments. CCM faculty and staff are mandatory reporters under both the Sex- and/or Gender-Based Misconduct Policy and Title IX Sexual Harassment Policy.

**INTERROGATORY NO. 10:**  State the date and time for each instance when Jane Roe or Karen Soe informed a UC employee of complaints that John Doe had inappropriately touched any female partners. For each time, identify the UC employee; the manner of the communications (i.e. oral, email, etc…), and the substance of the communication.

**ANSWER:**  UC objects to this interrogatory as being vague in that plaintiffs have failed to define what they mean by "informed," "complaints" or "any female partners." UC also objects to this interrogatory as seeking information in the possession, custody or control of plaintiffs. UC additionally objects to this interrogatory as overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the

needs of this case, including that it seeks information unrelated to plaintiffs' Title IX claims and potentially unrelated to UC.

Subject to the foregoing general and specific objections, and the protective order, *see* UC's Answer to Interrogatory Nos. 7 and 8 and UC's Responses to Plaintiffs' Unnumbered Request and Request Nos. 5, 6, 7, 8, 9, 11, and 12 of Plaintiffs' First Set of RFPs.

**INTERROGATORY NO. 11:** State the date and time for each instance when the UC Title IX Office became aware of complaints that John Doe had inappropriately touched Jane Roe and Karen Soe. In answering this interrogatory, for each instance state how UC Title IX Office became aware of the allegation, describe in detail the substance of the allegation; describe in detail any corrective measures or other actions taken by the UC Title IX Office after becoming aware of the allegation; and describe any supportive measures provided to Jane Roe or Karen Soe.

**ANSWER:** UC objects to this interrogatory as being vague in that plaintiffs have failed to define what they mean by "became aware" and "complaints." UC also objects to this interrogatory to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

Subject to, and without waiving the foregoing general and specific objections, and the protective order, *see* UC's Answer to Interrogatory Nos. 7 and 10 and UC's Responses to Request Nos. 5, 6, 7, 8, 9, and 12 of Plaintiffs' First Set of RFPs.

**INTERROGATORY NO. 12:** State the date and time for each instance when the UC Title IX Office became aware of complaints that John Doe had inappropriately touched any other female partners besides Jane Roe or Karen Soe. In answering this interrogatory, for each instance state how the UC Title IX Office became aware of the allegation, describe in detail the substance of the allegation; describe in detail any corrective measures or other actions taken by the UC Title

11

IX Office after becoming aware of the allegation; describe any supportive measures provided to the alleged victim; and describe any investigation or adjudication of the allegation.

**ANSWER:** UC objects to this interrogatory as being vague in that plaintiffs have failed to define what they mean by "became aware," "complaints," "investigation" and "adjudication." UC also objects to this interrogatory as overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks information unrelated to plaintiffs' Title IX claims and potentially unrelated to UC.

UC further objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104–191, and/or other federal or state law

Subject to the foregoing general and specific objections, and the protective order, *see* UC's Answer to Interrogatory No. 8 and UC's Responses to Plaintiffs' Unnumbered Request and Request No. 11 of Plaintiffs' First Set of RFPs.

**INTERROGATORY NO. 13:** Describe any steps UC took from 2012-2022 to make students, faculty, and staff at CCM aware of the policies and processes that address discrimination and harassment based on sex, including sexual misconduct, such as publications, website statements, and/or training.

**ANSWER:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "steps." UC also objects to this interrogatory as being overly broad and seeking

information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks information beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and that plaintiffs have not alleged UC failed to make students, faculty or staff aware of its policies and processes related to discrimination and harassment based on sex.

UC also objects to this interrogatory to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

Subject to, and without waiving the foregoing general and specific objections, and the protective order, *see* UC's Responses to Request Nos. 4, 19, 21, 22, and 25 of Plaintiffs' First Set of RFPs. Further answering, *see* the following various UC websites:

- https://www.uc.edu/about/equity-inclusion/gender-equity.html

- https://www.uc.edu/about/publicsafety.html

- https://www.uc.edu/campus-life/wellness.html

**INTERROGATORY NO. 14:** Describe any training regarding discrimination and harassment based on sex, including sexual misconduct UC provided or offered to CCM faculty, staff, personnel and students from 2012 through 2022.

**ANSWER:** UC objects to this interrogatory as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks information beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and that plaintiffs have not alleged UC failed to train faculty, staff, personnel or students about discrimination and harassment based on sex.

13

Subject to the foregoing general and specific objections, and the protective order, *see* UC's Answer to Interrogatory No. 13 and UC's Responses to Request Nos. 4, 19, 21 and 22 of Plaintiffs' First Set of RFPs.

**INTERROGATORY NO. 15:** Describe how UC has assessed the campus climate regarding sexual harassment issues, conducted self-assessments, collected data, or monitored sexual harassment, misconduct, or violence on campus, if at all, for 2012 through 2022.

**ANSWER:** UC objects to this interrogatory as being vague in that plaintiffs have failed to define what they mean by "assessed," "campus climate," "self-assessments," "collected data," and "monitored." UC also objects to this interrogatory as being overly broad and seeking information that is not relevant and not designed to lead to the discovery of admissible evidence, and is not proportional to the needs of the case in that it seeks information beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX claims.

UC also objects to the extent this interrogatory seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, attorney work product, or other information that is protected by the attorney-client privilege and/or the attorney work product protection.

UC further objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104–191, and/or other federal or state law

14

**INTERROGATORY NO. 16:** Describe any communications between any employee or representative of UC and the Department of Education concerning the manner in which UC investigates and adjudicates complaints of sexual misconduct, including but not limited to any investigation by the Department of Education. In answering this interrogatory, include: all participants to the communication; the date and time of the communication; the mode of communication (e.g. spoken, telephone, email, letter etc…); and the substance of the communication.

**ANSWER:** UC objects to this interrogatory as being vague in that plaintiffs have failed to define what they mean by "complaints." UC also objects to this interrogatory as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks information beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX claims.

UC further objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104–191, and/or other federal or state law

Subject to, and without waiving the foregoing general and specific objections, and the protective order, *see* UC's Answer to Interrogatory No. 13 and UC's Response to Request No. 25 of Plaintiffs' First Set of RFP.

Dated:  July 24, 2024           AS TO OBJECTIONS,

DAVE YOST
ATTORNEY GENERAL OF OHIO

By:     */s/Michael H. Carpenter*      
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
Michael B. Rogers (0098948)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
E-mail: carpenter@carpenterlipps.com
        bricker@carpenterlipps.com
        beekhuizen@carpenterlipps.com
        barthel@carpenterlipps.com
        rogers@carpenterlipps.com

Special Counsel for Defendant
University of Cincinnati

16

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on July 24, 2024, via electronic mail upon

the following:

> Joshua Adam Engel
> Scott O'Reilly
> ENGEL AND MARTIN, LLC
> 4660 Duke Dr., Suite 101
> Mason, OH 45040
> engel@engelandmartin.com
> soreilly@engelandmartin.com

> /s/*Michael H. Carpenter*
> Michael H. Carpenter
>
> One of The Attorneys for
> Defendant University of Cincinnati