## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JANE ROE, et al. | ) | Case No. 1:22-cv-00376 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffrey P. Hopkins |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT UNIVERSITY OF CINCINNATI'S RESPONSES
## AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant University of Cincinnati ("UC") provides the following responses and objections to Plaintiffs' First Set of Requests for the Production of Documents (the "First Set of Requests").

## GENERAL OBJECTIONS

1.      UC objects to the First Set of Requests, and the related definitions insofar as they purport to impose upon UC obligations and burdens different from, or in excess of, those permitted by the Federal Rules of Civil Procedure; the Local Civil Rules of the United States District Court for the Southern District of Ohio; and/or the Court's order(s).

2.      UC objects to the First Set of Requests to the extent they demand the production of documents protected from discovery under the attorney work product doctrine, attorney-client privilege and/or any other applicable privilege or protection.

3.      UC objects to the First Set of Requests to the extent they seek documents that are in the possession, custody, or control of persons or entities other than UC, or are otherwise as easily obtained by plaintiffs as by UC.

4.      UC objects to the First Set of Requests to the extent that the documents sought are

unreasonably cumulative or duplicative or are obtainable from some other source that is more convenient, less burdensome or less expensive.

5.      UC objects to the First Set of Requests to the extent they are overly broad, unduly burdensome, not proportional to the needs of the case, would subject UC to undue expense, and/or are vague, or ambiguous.

6.      UC objects to the First Set of Requests to the extent they seek documents that are not relevant to the allegations set forth in Plaintiffs' Amended Complaint (the "Amended Complaint") (ECF# 15), are not reasonably calculated to lead to the discovery of admissible evidence, and/or are not readily accessible because of undue burden and/or cost.  UC further notes that to the extent it agrees to search for responsive documents, any such searches will be conducted in sources reasonably believed to contain responsive documents and it will not undertake to restore backed-up and/or archived materials due to undue burden and/or cost.

7.      UC reserves the right to challenge the relevance, materiality, authenticity and/or admissibility of any of the documents produced in response to the First Set of Requests in any subsequent proceeding or trial in this action or any other action.

8.      UC objects to the Requests to the extent that they ask for documents that contain or disclose information of a confidential nature, including, but not limited to, confidential information of students or employees affiliated with UC.  Such documents will only be produced subject to the terms of the Protective Order entered on May 29, 2024 (ECF# 34).

9.      UC objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the First Set of Requests. UC's production of documents is not intended to indicate that UC agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the First Set of Requests.

10. UC objects to plaintiffs' definition of the phrase "Sexual Misconduct" as overly broad and encompassing conduct not at issue in this matter.

11. UC objects to the Definitions section of the First Set of Requests on the grounds that plaintiffs' definition of "Supportive Measures" is vague.

12. Any objections or responses to the First Set of Requests, including UC's agreement to search for and produce (if found) documents responsive to any request, does not necessarily mean that documents responsive to a particular request exist or are in the possession, custody, or control of UC.

13. These responses are made without in any way waiving or intending to waive:

(i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any documents produced in response to the First Set of Requests or the subject matter thereof;

(ii) the right to object on any ground to the use of the documents produced in response to the First Set of Requests or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

(iii) the right to object on any ground at any time to a demand for further response to the First Set of Requests; and/or

(iv) the right at any time to revise, supplement, correct, or add to these responses and objections.

14. UC reserves the right to use during litigation and through trial any documents found through its investigation, discovery, and/or trial preparation which were not known to UC when these responses were served. Consequently, UC reserves the right to supplement or amend its responses as appropriate. UC's responses and objections are based on UC's knowledge as of the

3

date of service.

**SPECIFIC OBJECTIONS AND WRITTEN RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:** Every document you reasonably anticipate introducing as an exhibit at trial or in support of or in opposition to a motion for summary judgment.

**RESPONSE:** UC objects to this request as premature because it has not decided which documents it may use as exhibits at the trial of this matter, or in support of, or in opposition to, a motion for summary judgment. UC also objects to this request as overly broad and premature in that discovery is just beginning. UC additionally objects to this request to the extent it seeks expert related documents. Such documents will be disclosed at the time, to the extent and in the manner, required by the Court's case schedule.

UC further objects to this request to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including, but not limited to, by requiring that UC produce documents it may use in support of, or opposition to, a motion for summary judgment prior to filing the motion for summary judgment.

Subject to its general and specific objections, and subject to the protective order, UC will exchange exhibits it may use at trial and documents supporting or in opposition to a motion for summary judgment when, to the extent and in the manner, required by the Court's case schedule, the Local Rules or the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 2:** Every document relied upon or reviewed by any expert you reasonably anticipate calling as a witness at trial or who you anticipate will be submitting an affidavit in support of or in opposition to a motion for summary judgment.

4

**RESPONSE:** UC objects to this request as premature because it has not yet decided which expert witnesses it anticipates calling to testify at the trial of this matter or from whom it will seek an affidavit or declaration in support of, or in opposition to, a motion for summary judgment. UC also objects to this request as overly broad and premature in that discovery is just beginning. Expert disclosures will be made at the time, to the extent and in the manner, required by the Court's case schedule.

UC additionally objects to this request to the extent it seeks communications between UC's attorneys and the persons whom UC expects to call as expert witnesses at trial, and/or drafts of reports prepared by such persons. *See* 26(B)(7)(f) and (g) of the Federal Rules of Civil Procedure.

UC further objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including, but not limited to, by requiring that UC identify experts from whom it may submit affidavits or declarations in support of, or in opposition to, a motion for summary judgment prior to filing the motion for summary judgment.

Subject to its general and specific objections, and subject to the protective order, UC states it will make expert disclosures when, to the extent and in the manner, required by the Court's case schedule, the Local Rules, and/or the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 3:** Every document identified in response to Defendants' First Set of Interrogatories.

**RESPONSE:** UC objects to this request in that it refers to "Defendants' First Set of Interrogatories," to which plaintiffs will identify responsive documents.

Subject to its general and specific objections, and subject to the protective order, to the extent plaintiffs seek documents identified in UC's responses and objections to Plaintiffs' First Set

5

of Interrogatories, *see* UC's Responses and Objections to Plaintiffs' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 4:**  All documents and materials used to train all persons involved in the investigation or adjudication of the claims that John Doe committed sexual misconduct, including all hearing panel members.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "claims" and "hearing panel members."  UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it potentially seeks documents unrelated to plaintiffs' Title IX claims, unrelated to UC and is not limited to documents in the possession, custody or control of UC.

Subject to and without waiving the foregoing general and specific objections, and subject to the protective order, UC states it will search for and produce, if found, documents related to training procedures undertaken by UC employees involved in the investigation or adjudication of plaintiffs' complaints about John Doe.

**REQUEST FOR PRODUCTION NO. 5:**  All documents concerning the investigation or adjudication of the claims by Jane Roe or Karen Soe that John Doe committed Sexual Misconduct. This request includes: (a) the investigation and disciplinary files; and (b) any notes, memoranda, and communications.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "claims." UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, and subject to the protective order, UC will produce non-privileged documents responsive to this request. Karen Soe did not file a formal complaint.

**REQUEST FOR PRODUCTION NO. 6:** The final investigative report, and any draft reports, concerning the claims by Jane Roe or Karen Soe that John Doe committed Sexual Misconduct.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "claims." UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, and subject to the protective order, UC will produce non-privileged documents responsive to this request. Karen Soe did not file a formal complaint.

**REQUEST FOR PRODUCTION NO. 7:** All notes, written or recorded statements, transcripts, or other evidence obtained by UC during the investigation of the claims by Jane Roe or Karen Soe that John Doe committed Sexual Misconduct.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "claims." UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

Subject to, and without waiving the foregoing general and specific objections, and subject to the protective order, *see* UC's response to Request Nos. 5 and 6.

**REQUEST FOR PRODUCTION NO. 8:** All recordings or transcripts of hearings concerning claims by Jane Roe or Karen Soe that John Doe committed Sexual Misconduct.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "claims."

Subject to and without waiving the foregoing general and specific objections, and subject to the protective order, UC will produce non-privileged documents responsive to this request. Karen Soe did not file a formal complaint.

**REQUEST FOR PRODUCTION NO. 9:** All notes or communications to/from/between hearing or appeal panel members concerning the adjudication of claims by Jane Roe or Karen Soe that John Doe committed Sexual Misconduct.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "hearing or appeal panel members" and "claims." UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product. UC additionally objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, and subject to the protective order, *see* UC's responses to Request Nos. 5 and 8.

**UNNUMBERED REQUEST FOR PRODUCTION:** All documents concerning any claims by students other than Jane Roe or Karen Soe that John Doe committed Sexual Misconduct. This request includes: (a) the investigation and disciplinary files; and (b) any notes, memoranda, and communications.

**RESPONSE:** UC objects to this request in that plaintiffs have failed to identify what they mean

by "claims". UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including outside the relevant time period, unrelated to plaintiffs' Title IX claims and potentially is not limited to documents in the possession, custody or control of UC. UC further objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104–191, and/or other federal or state law.

Subject to the foregoing general and specific objections, and subject to the protective order, UC states that Jane Roe is the only individual to have filed a formal complaint against John Doe, and UC is not aware of any allegations by students other than Jane Roe and Karen Soe that John Doe committed Sexual Misconduct against them.

**REQUEST FOR PRODUCTION NO. 10:** All documents or communications concerning the claims by Jane Roe or Karen Soe that John Doe committed Sexual Misconduct.

a. Ashleigh J. Wade
b. Debra Merchant
c. Juan Guardia
d. Bleuzette Marshall
e. Adrienne Lyles
f. Shannon Schipper
g. Alexa Justice
h. Stanley Romanstein
i. Todd Pettiford
j. ▆▆Redacted▆▆
k. Shauna Steele
l. Denton Yockey
m. Dierdre Carberry

**RESPONSE:**  UC objects to this request in that plaintiffs have failed to identify what they mean by "claims."  UC further objects to this request as being vague in that it is confusing as to what plaintiffs seek.  If plaintiffs clarify what they seek, UC will supplement its response.

**REQUEST FOR PRODUCTION NO. 11:** All documents or communications concerning any claims by students other than Jane Roe or Karen Soe that John Doe committed Sexual Misconduct in the possession of the following individuals:

        a. Ashleigh J. Wade
        b. Debra Merchant
        c. Juan Guardia
        d. Bleuzette Marshall
        e. Adrienne Lyles
        f. Shannon Schipper
        g. Alexa Justice
        h. Stanley Romanstein
        i. Todd Pettiford
        j. ███ Redacted ███
        k. Shauna Steele
        l. Denton Yockey
        m. Dierdre Carberry

**RESPONSE:** UC objects to this request in that plaintiffs have failed to identify what they mean by "claims". UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including outside the relevant time period, unrelated to plaintiffs' Title IX claims and potentially is not limited to documents in the possession, custody or control of UC. UC further objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

        Further responding, UC additionally objects to plaintiffs' request for production of

communications in the possession of ▮▮Redacted▮▮ as overly broad, not proportional to the needs of the case, and seeking information in the possession, custody, or control of a non-party student.

Subject to the foregoing general and specific objections, and subject to the protective order, UC states that Jane Roe is the only individual to have filed a formal complaint against John Doe, and UC is not aware of any allegations by students other than Jane Roe and Karen Soe that John Doe committed Sexual Misconduct against them.

**REQUEST FOR PRODUCTION NO. 12:** All documents concerning Supportive Measures provided by the University of Cincinnati to Jane Roe or Karen Soe, or requested by Jane Roe, related to her allegations that she was a victim of sexual misconduct.

**RESPONSE:** UC objects to this request as vague in that plaintiffs have failed to identify what they mean by "allegations". UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, and subject to the protective order, UC will produce non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:** All documents concerning Supportive Measures provided by the University of Cincinnati to John Doe, or requested by John Doe, related to the allegations that he committed sexual misconduct.

**RESPONSE:** UC objects to this request as vague in that plaintiffs have failed to identify what they mean by "allegations". UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it potentially seeks documents unrelated to plaintiffs' Title IX claims. UC further objects to this request because it seeks confidential,

11

personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law. UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, and subject to the protective order, UC states it is not aware of any supportive measures provided to John Doe but will search for and produce, if found, any supportive measures provided to John Doe.

**REQUEST FOR PRODUCTION NO. 14:** The personnel files of all persons involved in the investigation or adjudication of the claims that John Doe committed sexual misconduct, including all hearing panel members.

**RESPONSE:** UC objects to this request as vague in that plaintiffs have failed to define what they mean by "investigation," "adjudication," "claims," and "hearing panel members." UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it potentially seeks documents unrelated to plaintiffs' Title IX claims, unrelated to UC and is not limited to documents in the possession, custody or control of UC.

**REQUEST FOR PRODUCTION NO. 15:** The academic file or other files of Jane Roe, including:

    a. All admissions materials
    b. All transcripts
    c. All financial aid information
    d. All communications with an Academic Advisor concerning performance in classes.

12

**RESPONSE:** UC objects to this request as vague in that plaintiffs have failed to define what they mean by "academic file or other files." UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it potentially seeks documents unrelated to plaintiffs' Title IX claims, unrelated to UC and is not limited to documents in the possession, custody or control of UC.

Subject to and without waiving the foregoing general objections, and subject to the protective order, UC states it will produce Jane Roe's academic transcripts and billing statements relating to tuition and fees.

**REQUEST FOR PRODUCTION NO. 16:** The academic file or other files of Karen Soe, including:

      a. All admissions materials
      b. All transcripts
      c. All financial aid information
      d. All communications with an Academic Advisor concerning performance in classes.

**RESPONSE:** UC objects to this request as vague in that plaintiffs have failed to define what they mean by "academic file or other files." UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it potentially seeks documents unrelated to plaintiffs' Title IX claims, unrelated to UC and is not limited to documents in the possession, custody or control of UC.

Subject to and without waiving the foregoing general objections, and subject to the protective order, UC states it will produce Karen Soe's academic transcripts and billing statements relating to tuition and fees.

**REQUEST FOR PRODUCTION NO. 17:**  The academic file or other files of John Doe, including:

> a. All admissions materials
> b. All transcripts
> c. All financial aid information
> d. All communications with an Academic Advisor concerning performance in classes.

**RESPONSE:** UC objects to this request as vague in that plaintiffs have failed to define what they mean by "academic file or other files."  UC also objects to this request as being overly broad and seeking information that is not relevant and not designed to lead to the discovery of admissible evidence, is not proportional to the needs of the case, including that it potentially seeks documents unrelated to plaintiffs' Title IX claims, unrelated to UC and is not limited to documents in the possession, custody or control of UC. UC further objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

**REQUEST FOR PRODUCTION NO. 18:**  All documents concerning communications between John Doe and any person acting as an advocate or advisor to related to any claim that he committed sexual misconduct.

**RESPONSE:** UC objects to this request as vague in that s have failed to define what they mean by "advocate," "advisor," and "claim." UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it potentially seeks documents unrelated to plaintiffs' Title IX claims, unrelated to UC and is not limited to documents in the possession, custody or control of UC.

14

Further responding, UC additionally objects to plaintiffs' request for production of communications in the possession of John Doe as overly broad, not proportional to the needs of the case, and seeking information in the possession, custody, or control of a non-party student.

UC further objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including any such privilege or protection held by John Doe.

UC also objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

Subject to, and without waiving the foregoing general and specific objections, and the protective order, UC states it did not provide John Doe with an advocate or advisor as defined under the Sex- and/or Gender-Based Misconduct Policy.

**REQUEST FOR PRODUCTION NO. 19:**  Copies of any UC policies or procedures in effect from 2012-2022 that address discrimination and harassment based on sex, including sexual misconduct, involving students, employees, and third parties, including sexual violence/misconduct/harassment policies and procedures, Title IX grievances, applicable disciplinary procedures and codes, appeal procedures, and nondiscrimination notices. If any of the above policies or procedures changed over the applicable time period, copies of: (i) all documents that reflect each change, noting the date(s) when the new policy or procedure became applicable; and (ii) drafts of all such policies.

**RESPONSE:** UC objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case, including that it seeks policies and procedures beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period.

Subject to, and without waiving the foregoing general and specific objections, and the protective order, *see* UC's response to Request No. 4.

**REQUEST FOR PRODUCTION NO. 20:** Copies of any notes, agendas, summaries or follow-up communication related to any meetings during 2012-2022 between UC staff and the complaining student(s) regarding allegations of, or remedies for, sexual misconduct.

**RESPONSE:** UC objects to this request as vague in that plaintiffs have failed to define what they mean by "meetings," "complaining student(s)," "allegations," and "remedies." UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including outside the relevant time period, unrelated to plaintiffs' Title IX claims and potentially is not limited to documents in the possession, custody or control of UC.

UC further objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104–191, and/or other federal or state law.

UC further objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, and the protective order, see UC's answers to Interrogatory Nos. 7 and 11 of Plaintiffs' First Set of Interrogatories to UC, and UC's responses to Request Nos. 5, 6, 7, 8, 9, 12, and 14.

**REQUEST FOR PRODUCTION NO. 21:** Copies of documents related to any steps UC took from 2012-2022 to make students, faculty, and staff at the University aware of the policies and that address discrimination and harassment based on sex, including sexual misconduct, such as publications, website statements, and/or training.

**RESPONSE:** UC objects to this request as being overly broad and seeking information that is not relevant, and not designed to lead to the discovery of admissible evidence, and is not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX claims. UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, and subject to the protective order, *see* UC's response to Interrogatory No. 13 of Plaintiffs' First Set of Interrogatories to UC and UC's responses to Request Nos. 4 and 19.

**REQUEST FOR PRODUCTION NO. 22:** Copies of any materials distributed at any training regarding Title IX as it applies to sexual harassment, including sexual assault and violence, the University provided or offered to (i) UC personnel; and (ii) UC students from 2012-2022.

**RESPONSE:** UC objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence and not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX claims.

17

UC objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

Subject to, and without waiving the foregoing general and specific objections, and subject to the protective order, *see* UC's answer to Interrogatory No. 13 of Plaintiffs' First Set of Interrogatories to UC and UC's responses to Request Nos. 4, 19 and 21.

**REQUEST FOR PRODUCTION NO. 23:** Copies of any and all brochures, pamphlets, or other materials that are disseminated by UC to students regarding sexual harassment, the rights of complainants and accused individuals, and/or other campus resources available to assist those facing sexual harassment/violence for 2012-2022.

**RESPONSE:** UC objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX claims.

Subject to and without waiving the foregoing general and specific objections, and subject to the protective order, see UC's answer to Interrogatory No. 13 of Plaintiffs' First Set of Interrogatories to UC and UC's responses to Request Nos. 4, 19, 21 and 22.

**REQUEST FOR PRODUCTION NO. 24:** All documents concerning any investigation by the Department of Education concerning the manner in which UC investigates and adjudicates allegations of sexual misconduct.

**RESPONSE:** UC objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period, unrelated to plaintiffs' Title IX claims and

potentially is not limited to documents in the possession, custody or control of UC.

UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

UC also objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

**REQUEST FOR PRODUCTION NO. 25:** All documents concerning any communications between any employee or representative of UC and the Department of Education concerning the manner in which UC investigates and adjudicates allegations of sexual misconduct.

**RESPONSE:** UC objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period, unrelated to plaintiffs' Title IX claims and potentially is not limited to documents in the possession, custody or control of UC.

UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

UC also objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

19

Subject to and without waiving the foregoing general objections, and subject to the protective order, UC states it will produce copies of its Annual Security Reports.

**REQUEST FOR PRODUCTION NO. 26:** Copies of any summaries or interim or final reports that describe the outcome of efforts by UC to assess the campus climate regarding sexual harassment/sexual misconduct issues, including self-assessments, collected data, or monitored sexual harassment, misconduct, or violence on campus, if at all, for 2012-2022.

**RESPONSE:** UC objects to this request as vague in that plaintiffs have failed to define what they mean by "assess," campus climate," "self-assessments," "collected data," and "monitored." UC also objects to this request as being overly broad and seeking information that is not relevant and not designed to lead to the discovery of admissible evidence, and is not proportional to the needs of the case in that it seeks information beyond the scope of the complaints in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX complaints.

UC also objects to the extent this request seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel and/or attorney work product.

UC also objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

**REQUEST FOR PRODUCTION NO. 27:** All formal or informal complaints or reports of sexual misconduct made to UC (including, but not limited to those received UC personnel, campus police, the Title IX Office, Equal Opportunity, housing, or those received elsewhere and

then referred to UC) from 2012 through 2022.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "complaints or reports." UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX claims.

UC also objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

**REQUEST FOR PRODUCTION NO. 28:** All final investigative reports for any formal or informal complaints or reports of sexual misconduct made to UC (including, but not limited to those received UC personnel, campus police, the Title IX Office, Equal Opportunity, housing, or those received elsewhere and then referred to UC) from 2012 through 2022.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "complaints or reports." UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX claims.

UC also objects to this request because it seeks confidential, personally identifying,

21

personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

**REQUEST FOR PRODUCTION NO. 29:** All documents concerning results of adjudicatory hearings (including Administrative Review Committee Hearings) for any complaints or reports of sexual misconduct from 2012 through 2022.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "complaints or reports." UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX claims.

UC also objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

**REQUEST FOR PRODUCTION NO. 30:** All documentation concerning any formal or informal complaints or reports of sexual misconduct made to UC (including, but not limited to those received UC personnel, campus police, the Title IX Office, Equal Opportunity, housing, or those received elsewhere and then referred to UC) or investigated/resolved by UC from 2012 through 2022, including:

a. any written complaints or reports, and any documents containing descriptions of any verbal complaints;

b. all investigative files, interview memoranda, witness statements, and related documents concerning any investigation of these complaints or reports;

c. any documents showing the steps of the investigation and the results of the investigation, including any correspondence, e-mails, and other documents concerning how UC notified pertinent parties of the outcome of each investigation;

d. any documents, including student academic records, memoranda, e-mails, notes, or other documents, that discuss or relate to accommodations or interim measures provided to the complainant while the complaint was being investigated or after the investigation concluded;

e. any documents, including student discipline records, memoranda, e-mails, notes, or other documents, that discuss or relate to any disciplinary or other remedial action UC took in response to each complaint or report

f. any documents that discuss or relate to: whether UC found that the complainant and/or other students were sexually harassed/assaulted; whether UC found that any complaint was part of a larger pattern of similar complaints; and whether UC made any conclusion about whether the complainant and/or other students were subject to a sexually hostile environment.

g. If not included in responses above, all communications, including letters, e-mails, notes, memoranda, reports, notices, or other communications sent or received by UC faculty, staff, administration, and/or trustees from 2012-2022, that discuss, relate or refer to the complaints or reports identified under this request.

**RESPONSE:** UC objects to this request as being vague in that plaintiffs have failed to define what they mean by "complaints or reports." UC also objects to this request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of the case in that it seeks documents beyond the scope of the allegations in the Amended Complaint, including outside the relevant time period and unrelated to plaintiffs' Title IX claims.

UC also objects to this request because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than Jane Roe or Karen Soe, including information about other students that is protected by FERPA, HIPAA, Pub.L. 104–191, and/or other federal or state law.

Respectfully submitted,

DAVE YOST
ATTORNEY GENERAL OF OHIO

By:     /s/*Michael H. Carpenter*
        Michael H. Carpenter (0015733) (Trial Attorney)
        Timothy R. Bricker (0061872)
        Michael N. Beekhuizen (0065722)
        David J. Barthel (0079307)
        Michael B. Rogers (0098948)
        CARPENTER LIPPS LLP
        280 Plaza, Suite 1300
        280 North High Street
        Columbus, OH 43215
        Phone: (614) 365-4100
        Fax: (614) 365-9145
        E-mail: carpenter@carpenterlipps.com
                bricker@carpenterlipps.com
                beekhuizen@carpenterlipps.com
                barthel@carpenterlipps.com
                rogers@carpenterlipps.com

        Special Counsel for Defendant
        University of Cincinnati

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on July 24, 2024, via electronic mail upon

the following:

Joshua Adam Engel
Scott O'Reilly
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
engel@engelandmartin.com
soreilly@engelandmartin.com


/s/*Michael H. Carpenter*
Michael H. Carpenter

One of The Attorneys for
Defendant University of Cincinnati