**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JANE ROE, et al., | ) | Case No. 1:22-cv-00376 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffrey P. Hopkins |
| | ) | |
| v. | ) | Magistrate Judge Karen L. Litkovitz |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | Jury Demand Endorsed Hereon |
| | ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT UNIVERSITY OF CINCINNATI**

Defendant University of Cincinnati ("UC") for its answer to Plaintiffs' Amended Complaint (Doc. 15):

**FIRST DEFENSE**

1. UC states that paragraph 1 sets forth legal conclusions to which no response is required. To the extent a response is required, UC denies it or any of its officials violated Title IX of the Education Amendments, 20 U.S.C. § 1681, et seq. ("Title IX") through deliberate indifference, retaliation, or any other unpled claim or theory.

2. UC denies the allegations contained in paragraph 2.

3. UC admits that Plaintiff is proceeding anonymously as Jane Roe. Further answering, UC denies that Jane Roe is presently an undergraduate student at UC's College Conservatory of Music ("CCM") and states she received a degree from UC in 2023. Further answering, UC states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3, including subparts a-c therein, and therefore denies the same.

4. UC admits that Plaintiff is proceeding anonymously as Karen Soe. UC denies that Karen Soe is presently an undergraduate student at UC's College Conservatory of Music ("CCM")

and states she received a degree from UC in 2023. Further answering, UC states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4, including subparts a-c therein, and therefore denies the same.

5. UC denies the zip code for its principal place of business is 45220 and states the zip code for its principal place of business is 45221. UC admits the remaining allegations in paragraph 5.

6. UC admits Plaintiffs have asserted claims for relief based on Title IX and that this Court has jurisdiction. UC denies any allegation that UC violated Title IX.

7. UC admits the allegations contained in paragraph 7.

8. UC denies the allegations contained in paragraph 8.

9. UC admits it has adopted policies and procedures to address reports of sexual misconduct that comply with Title IX and other federal laws. UC denies the remaining allegations contained in paragraph 9.

10. UC states that the basis for the allegations in paragraph 10 is contained within a document(s) not attached to Plaintiffs' Amended Complaint that speak for themselves, and therefore, no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of said document(s). Further answering, UC states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 10, and therefore denies the same.

11. UC states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies the same.

12. UC denies the allegations contained in paragraph 12 to the extent the allegations refer to UC. Further answering, UC states that the basis for the remaining allegations in paragraph 12, including subparts a-b therein, is contained within documents not attached to Plaintiffs' Amended Complaint that speak for themselves and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said documents. To the extent any additional response is required, UC states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 12, including subparts a-b therein, and therefore denies the same.

13. UC states that the basis for the allegations in paragraph 13, including subparts a-b therein, is contained within documents not attached to the Amended Complaint that speak for themselves and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said documents. To the extent any additional response is required, UC states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 13, including subparts a-b therein, and therefore denies the same.

14. UC states that paragraph 14 sets forth legal conclusions to which no response is required. To the extent a response is required, UC states that the basis for the allegations in paragraph 14 is contained within a document(s) not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document(s). To the extent any additional response

is required, UC states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 14, and therefore denies the same.

15. UC states that the basis for the allegations in paragraph 15 is contained within a document(s) not attached to the Amended Complaint that speak for themselves and, therefore, no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document(s). To the extent any additional response is required, UC states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and therefore denies the same.

16. UC states that the basis for the allegations in paragraph 16 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document. To the extent any additional response is required, UC states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 16, and therefore denies the same.

17. UC denies it has a pattern and/or practice of either not taking allegations of sexual assault against female students seriously or not respecting the due process rights of either accused students or alleged victims; and denies UC has attempted to minimize coverage of sexual assault on its campus. Further answering, admits UC has been the subject of lawsuits, and admits UC has been investigated by the Department of Education in the past. Answering further, UC states the basis for the allegations in paragraphs 17(c) and (d) is contained within documents not attached to the Amended Complaint, and, therefore, no answer is required. To the extent an answer is required,

UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said documents. To the extent any additional response is required, UC states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 17, including subparts a-d therein, and therefore denies the same.

18. UC states that the basis for the allegations in paragraph 18 is contained within documents not attached to the Amended Complaint that speak for themselves and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said documents.

19. UC states that the basis for the allegations in paragraph 19 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document.

20. UC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore denies the same.

21. UC denies that Jane Roe is a current undergraduate student at UC or a current student in the CCM ballet program. UC states that Jane Roe testified she performed in certain ballet programs while a student at CCM, including *Paquita*. Further answering, UC states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and therefore denies the same.

22. UC denies that Karen Soe is a current undergraduate student at UC or a current student in the CCM ballet program. UC admits that Karen Soe testified she performed in certain ballet programs while a student at CCM, including *La Bayadere* and *Death and the Maiden*.

23. UC admits that John Doe is an undergraduate student at UC in the CCM ballet program, he performed in certain ballets at CCM, and he received a scholarship as the CCM ballet program attempts to provide funding for students when possible. Further answering, UC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning a video by Cincinnati Ballet, the hosting website, or Twitter. UC denies the remaining allegations contained in paragraph 23, including subparts a-b.

24. UC denies allegations that CCM Faculty members were aware of allegations against John Doe or a protection order against John Doe prior to deciding to admit him to UC. UC states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24, and therefore denies the same.

25. UC states that paragraph 25, including subparts a – b, sets forth legal conclusions to which no response is required. To the extent a response is required, UC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, including subparts a-b therein, and therefore denies the same.

26. UC denies the allegations in paragraph 26.

27. UC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and therefore denies the same.

28. UC states that paragraph 28, including subparts a – b, sets forth legal conclusions to which no response is required. To the extent a response is required, UC admits that Jane Roe spoke to Deirdre Carberry in March 2020 about John Doe and that Professor Carberry reported

6

Jane Roe's complaint to the Office of Gender Equity and Inclusion ("OGEI"). Further answering, UC denies the remaining allegations contained in paragraph 28, including subparts a-b therein.

29. UC states that the basis for the allegations in paragraph 29 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent a response is required, UC admits that OGEI sent an e-mail to Jane Roe, states the e-mail speaks for itself and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of the e-mail. UC denies the remaining allegations contained in paragraph 29.

30. UC states that paragraph 30, including subparts a – f, sets forth legal conclusions to which no response is required. To the extent a response is required, UC denies that harassment occurred. Further answering, UC states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30, including subparts a-f therein, and therefore denies the same.

31. UC admits that Jane Roe apologized to Professor Carberry about her mind-set and that Jane Roe told Professor Carberry she wanted to talk soon, but denies that Jane Roe reported inappropriate behavior. Further answering, UC states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and therefore denies the same.

32. UC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 relating to Jane Roe's mental and physical state, and therefore denies the same. UC denies the remaining allegations contained in paragraph 32.

33. UC admits that Jane Roe met with Professor Carberry and Professor Shauna Steele,

the Chair of the Dance Department at CCM, about John Doe sometime in October. Further answering, UC denies the remaining allegations contained in paragraph 33.

34. UC states that the basis for the allegations in paragraph 34 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document. To the extent any additional response is required, UC states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34, and therefore denies the same.

35. UC admits that Jane Roe met with Denton Yockey, the Head of the Division of Theatre Arts, Production and Arts Administration on October 8, 2021, to discuss her allegations regarding John Doe and that Denton Yockey filed a report with OGEI regarding Jane Roe's allegations against John Doe on October 8, 2021. The report Mr. Yockey filed speaks for itself and UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of the report. UC denies the remaining allegations in paragraph 35, including subparts a-c therein.

36. UC admits that Jane Roe met with Professor Steele and Professor Carberry on or about October 14, 2021, and Karen Soe was present. UC denies the remaining allegations contained in paragraph 36, including subparts a-c therein.

37. UC admits Denton Yockey met with Jane Roe and her mother in October 2021. UC denies the remaining allegations contained in paragraph 37.

38. UC admits Karen Soe did not report inappropriate conduct on the part of John Doe to UC. UC denies it responded inappropriately to any alleged sexual harassment by John Doe. UC

8

states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38, including subparts a-c therein, and therefore denies the same.

39. UC admits UC issued a Mutual No Contact Order on or about October 25, 2021, but denies it was improper. UC states that the Mutual No Contact Order speaks for itself and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said Mutual No Contact Order.

40. UC denies the allegations contained in Paragraph 40.

41. UC states Karen Soe did not file a report or formal complaint against John Doe and UC was not requested to issue, and did not issue, a Mutual No Contact Order related to contact between Karen Soe and John Doe. Further answering, UC states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41, and therefore denies the same.

42. UC states that the basis for the allegations in paragraph 42 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document. UC denies the remaining allegations contained in paragraph 42.

43. UC states that the basis for the allegations in paragraph 43 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document.

44. UC states that the basis for the allegations in paragraph 44 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document. To the extent any additional response is required, UC states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44, and therefore denies the same.

45. UC states that the basis for the allegations in paragraph 45, including subparts a-b therein, is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document.

46. UC states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and therefore denies the same.

47. UC states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and therefore denies the same.

48. UC admits that Professor Carberry was interviewed by an investigator, but denies any liability or improper conduct on the part of Professor Carberry. UC states that the basis for other allegations in paragraph 48 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document.

49. UC states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and therefore denies the same.

50. UC states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50, and therefore denies the same.

51. UC states that the basis for allegations in paragraph 51 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document.

52. UC states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and therefore denies the same.

53. UC admits the allegations contained in paragraph 53.

54. UC denies the allegations contained in paragraph 54, including subparts a-e therein.

55. UC states that it lacks knowledge as to what Plaintiffs mean by "faced no disciplinary action." Further answering, John Doe was subject to the Student Code of Conduct process based on the allegations made against him. Answering further, UC admits the remaining allegations contained in paragraph 55.

56. UC denies the allegations contained in paragraph 56.

57. UC states that the basis for other allegations in paragraph 57 is contained within a document not attached to the Amended Complaint that speaks for itself and therefore no answer is required. To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document.

58. UC denies the allegations contained in paragraph 58.

59. UC denies the allegations contained in paragraph 59, including subparts a – d therein.

60. UC denies the allegations contained in paragraph 60, including subparts a – b therein.

61. UC states that paragraph 61 sets forth legal conclusions to which no response is required. To the extent a response is required, UC denies the allegations contained in paragraph 61.

62. UC denies the allegations contained in paragraph 62, including subparts a – d therein.

63. UC denies the allegations contained in paragraph 63.

64. UC denies the allegations contained in paragraph 64.

65. UC re-alleges, restates, and incorporates by reference paragraphs 1 through 64 of this Answer in response to paragraph 65.

66. UC states the allegations of paragraph 66, including subparts a-b therein, contain legal conclusions to which no response is required. To the extent a response is required, UC states Title IX speaks for itself; denies any allegations which incompletely, inaccurately, or out-of-context quote, infer, characterize, summarize, or conclude about Title IX.

67. UC denies the allegations contained in paragraph 67.

68. UC states the allegations of paragraph 68, including subparts a-e, contain legal conclusions to which no response is required.  Further answering, UC states that the basis for the allegations in paragraph 68, including its subparts a-e therein, are contained within documents not attached to the Amended Complaint that speak for themselves and therefore no answer is required.

To the extent an answer is required, UC denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of said document.

69. UC denies the allegations contained in paragraph 69, including subparts a – e therein.

70. UC denies the allegations contained in paragraph 70.

71. UC denies the allegations contained in paragraph 71.

72. UC denies the allegations contained in paragraph 72.

73. UC denies the allegations contained in paragraph 73.

74. UC denies the allegations contained in paragraph 74.

75. UC denies the allegations contained in paragraph 75.

76. UC re-alleges, restates, and incorporates by reference paragraphs 1 through 75 of this Answer in response to paragraph 76.

77. UC states the allegations of paragraph 77 contain legal conclusions to which no response is required. To the extent a response is required, UC states Title IX speaks for itself; denies any allegations which incompletely, inaccurately, or out-of-context quote, infer, characterize, summarize, or conclude about Title IX.

78. UC states the allegations of paragraph 78 contain legal conclusions to which no response is required. To the extent a response is required, UC states the Title IX regulations speak for themselves; denies any allegations which incompletely, inaccurately, or out-of-context quote, infer, characterize, summarize, or conclude about the Title IX regulations.

79. UC states the allegations of paragraph 79 contain legal conclusions to which no response is required. To the extent a response is required, UC states the Title IX regulations speak

for themselves; denies any allegations which incompletely, inaccurately, or out-of-context quote, infer, characterize, summarize, or conclude about the Title IX regulations.

80. UC states the allegations of paragraph 80, including subparts a-b therein, contain legal conclusions to which no response is required. To the extent a response is required, UC admits Jane Roe filed a Formal Complaint related to John Doe and participated in an investigatory and adjudicatory process, but denies that Karen Soe filed a Formal Complaint related to John Doe. UC denies the remaining allegations contained in paragraph 80.

81. UC denies the allegations contained in paragraph 81.

82. UC denies the allegations contained in paragraph 82.

83. UC denies the allegations contained in paragraph 83.

84. UC denies the allegations contained in paragraph 84.

85. UC denies each and every remaining allegation in Plaintiffs' Amended Complaint not expressly admitted herein, including any allegation contained in any introduction, subpart, heading, demand or prayer for relief.

## **SECOND DEFENSE**

86. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

## **THIRD DEFENSE**

87. Title IX is a judicially implied cause of action; was enacted pursuant to Congress' authority under the Spending Clause; and operates in the nature of a contract. As such, the scope of liability and the damages available under Title IX must be narrowly construed. As a result, Plaintiff's claims for liability and/or damages are not cognizable and/or recoverable in whole or in part under Title IX.

**FOURTH DEFENSE**

88. UC is not subject to liability under Title IX because it has an effective policy for reporting and redressing sexual harassment and other types of sex discrimination, pursuant to which UC exercised reasonable care to conduct a prompt and thorough investigation of Plaintiffs' allegations and implemented appropriate administrative, corrective and disciplinary actions to address John Doe's allegedly improper conduct related to Plaintiffs and to remediate the effects of John Doe's alleged conduct on Plaintiffs.

**FIFTH DEFENSE**

89. Plaintiffs have not alleged facts sufficient to entitle them to attorneys' fees or costs.

**SIXTH DEFENSE**

90. Plaintiffs declined to use all resources and courses of action made available to them, as was their right and their choice. To the extent utilizing such resources and courses of action would have reduced any damages or harm now alleged by Plaintiffs in this lawsuit, UC is not liable for such damages or harm.

**SEVENTH DEFENSE**

91. Plaintiffs failed to mitigate some or all of their claimed damages.

**EIGHTH DEFENSE**

92. UC reserves the right to add to, edit, or otherwise modify the foregoing affirmative defenses as ongoing proceedings and discovery reveal to be appropriate.

WHEREFORE, having fully answered the Amended Complaint, defendant UC respectfully requests the same be dismissed with prejudice, that it be awarded fees and costs, and that it be awarded such other and additional relief as the Court deems just and equitable.

        Respectfully submitted,

        DAVE YOST
        ATTORNEY GENERAL OF OHIO

By:   /s/ Michael H. Carpenter
        Michael H. Carpenter (0015733) (Trial Attorney)
        Timothy R. Bricker (0061872)
        Michael N. Beekhuizen (0065722)
        David J. Barthel (0079307)
        Michael B. Rogers (0098948)
        CARPENTER LIPPS LLP
        280 Plaza, Suite 1300
        280 North High Street
        Columbus, OH 43215
        Phone: (614) 365-4100
        Fax: (614) 365-9145
        E-mail: carpenter@carpenterlipps.com
                bricker@carpenterlipps.com
                beekhuizen@carpenterlipps.com
                barthel@carpenterlipps.com
                rogers@carpenterlipps.com

        Special Counsel for Defendant
        University of Cincinnati

## JURY DEMAND

Defendant University of Cincinnati hereby demands a jury comprised of the maximum number of jurors allowable by law on all issues so triable.

        /s/Michael H. Carpenter
        Michael H. Carpenter

        Special Counsel for Defendant
        University of Cincinnati

**CERTIFICATE OF SERVICE**

     I certify that a copy of the foregoing was filed electronically on April 21, 2025. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

                                    /s/ Michael H. Carpenter
                                    Michael H. Carpenter

                                    Special Counsel for
                                    Defendant University of Cincinnati