

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS, REGION XV

1350 EUCLID AVENUE, SUITE 325
CLEVELAND, OH 44115

REGION XV
MICHIGAN
OHIO

FEB 09 2016

Santa J. Ono, Ph.D.
President
University of Cincinnati
2600 Clifton Avenue
P.O. Box 210063
Cincinnati, Ohio 45221-0063

Re: OCR Docket #15-16-2039

Dear President Ono:

On November 23, 2015, the U.S. Department of Education's Office for Civil Rights (OCR) received a complaint filed against the University of Cincinnati (the University). The complaint alleges that the University discriminated against students based on sex by failing to promptly and equitably respond to complaints, reports and/or incidents of sexual violence of which it had notice, (b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive (b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive and, as a result, students, including the Student, were subjected to a sexually hostile environment. The complaint further alleges that the University (b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive (b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive

OCR is responsible for enforcing Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, and its implementing regulation, at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in education programs and activities operated by recipients of Federal financial assistance from the Department. Persons who seek to enforce their rights under Title VI are also protected from retaliation. As a recipient of such financial assistance, the University is subject to Title IX.

Because OCR has determined that we have jurisdiction over the allegation and that this complaint was filed timely, we are opening the allegation for investigation. Based on the complaint allegation, we will investigate the following legal issues:

1. Whether the University provided prompt and equitable responses to sexual violence complaints, reports, and/or other incidents of which it had notice (knew about or should have known about) as required by the Title IX implementing regulation at 34 C.F.R. §§ 106.8 and 106.31.

    a. Whether the University complied with the requirements of the Title IX regulation at 34 C.F.R. § 106.9 regarding notice of nondiscrimination.

    b. Whether the University complied with the requirements of the Title IX regulation at 34 C.F.R. §§ 106.8 and 106.9(a) regarding the designation and notice of a Title IX coordinator.

2. Whether any failure by the University to provide a prompt and equitable response allowed a student or students and/or the campus, generally, to continue to be subjected to a sexually hostile environment that denied or limited a student or students' ability to participate in or benefit from the University's programs, in violation of the Title IX implementing regulation at 34 C.F.R. §§ 106.8 and 106.31.

3. Whether the University intimidated, threatened, coerced or discriminated against an individual for the purpose of interfering with any right or privilege secured by Title IX, or because she made a complaint, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title IX, in violation of Title IX's implementing regulation at 34 C.F.R. § 106.71.

Please note that opening an allegation for investigation in no way implies that OCR has made a determination with regard to its merits. During the investigation, OCR is a neutral fact-finder, collecting and analyzing relevant evidence from the complainant, the recipient, and other sources as appropriate. OCR will ensure that the investigation is legally sufficient and is dispositive of the allegations in accordance with the provisions of Article III of OCR's Case Processing Manual.

For your reference, the enclosed document, entitled "OCR Complaint Processing Procedures," includes information about:

- OCR's complaint evaluation and resolution procedures, including the availability of Early Complaint Resolution (ECR);

- regulatory prohibitions against retaliation, intimidation and harassment of persons who file complaints with OCR or participate in an OCR investigation; and

- the application of the Freedom of Information Act and the Privacy Act to OCR investigations.

Page 3 – Santa J. Ono, Ph.D.

Additional information about the laws OCR enforces is available on our website at http://www.ed.gov/ocr.

OCR intends to conduct a prompt investigation of this complaint. The Title VI regulation, at 34 C.F.R. § 100.6, requires that a recipient of Federal financial assistance make available to OCR information that may be pertinent to reaching a compliance determination. The Title IX regulation incorporates those requirements by reference at 34 C.F.R. §106.71. In addition, in accordance with the Title VI regulation at 34 C.F.R. § 100.6(c) and with the regulation implementing the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, at 34 C.F.R. § 99.31(a)(3)(iii), OCR may review personally identifiable records without regard to considerations of privacy or confidentiality.

Accordingly, we are requesting that you forward the following information to us within 15 calendar days of the date stamped at the top of this letter. Wherever possible, please provide the requested information electronically (and Bates-labeled if you have that capability); otherwise please provide the information via hard copy:

1. a copy of any University policies or procedures in effect during the [(b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive] school years that address discrimination and harassment based on sex, including sexual violence, involving students, employees, and third parties, including sexual violence/misconduct/harassment policies and procedures, Title IX grievance procedures, applicable disciplinary procedures and codes, appeal procedures, and nondiscrimination notices;

2. if any of the above policies or procedures changed over the applicable time period, please provide a copy of all documents that reflect each change and note the date(s) when the new policy or procedure became applicable;

3. the name(s) and title(s) of the University's Title IX coordinator(s), and any deputy or co-coordinator(s). In addition, please note when each individual assumed his or her position, and provide an explanation of how that person or persons' identity and contact information are disseminated to students, faculty, staff, and administrators;

4. the names and titles of any University personnel responsible for investigating incidents of discrimination and harassment based on sex or implementing any part of the University's Title IX grievance process;

5. a description of how the University handles criminal complaints and the effect that criminal complaints have on the University's Title IX investigation process; the names and titles of any University designated

        contact person for related criminal investigations; and the process used by the University in communicating with local prosecutors about the status of criminal investigations;

6. a description of law enforcement's role in the University's Title IX investigation process, including a copy of any memoranda of understanding with campus and local law enforcement or related protocols;

7. a description of how the University handles requests for confidentiality by those reporting incidents of discrimination and harassment based on sex, including sexual violence;

8. a copy of all documentation stored in any location, including electronic recordkeeping systems, concerning any formal or informal complaints or reports of sexual assault or sexual harassment made to the University by or on behalf of the Student (b)(6),(b)(7)(A),(b)(7), including:

   a. a copy of any written complaints or reports, and a detailed description of any verbal complaints;

   b. a copy of all investigative files, interview memoranda, witness statements, and related documents concerning any University investigation of these complaints or reports;

   c. a copy of any records related to any hearings held regarding each complaint, including but not limited to hearing transcripts, video or audio recordings, notes, and copies of any documentation or other evidence presented or considered as part of the hearing;

   d. a copy of any documents showing the steps of the investigation and the results of the University's investigation, including any correspondence, e-mails and other documents, as well as how the University notified pertinent parties of the outcome of each investigation;

   e. a copy of any appeals filed by either party and documentation regarding the University's processing of each appeal, including but not limited to any documentation, records or other information the University relied on in making a determination regarding the appeal, including with respect to sanctions, and any notice provided to the parties regarding the outcome of the appeal;

   f. a detailed description of any action the University took to stop any harassment or discrimination and to prevent any additional discrimination or harassment based on sex, while each complaint

or report was being investigated (interim measures) or after the investigation concluded; and

g. a copy of any documents, including student discipline records, memoranda, e-mails, notes, or other documents, that discuss or relate to any disciplinary or other remedial action the University took in response to each complaint or report.

9. a copy of all documentation concerning any formal or informal complaints or reports of sexual harassment made to the University (including, but not limited to those received by University personnel; the University Police Department; the University Department of Public Safety; the Office of University Judicial Affairs; the Title IX Office; the Office of the Provost; the Office of Equal Opportunity & Access; University Housing, Food & Retail Services; University Health Services; or by Human Resources; or those received elsewhere and then referred to the University) or investigated/ resolved by the University during the (b)(6),(b)(7)(A),(b)(7)(C) Nonresponsive (b)(6),(b)(7)(A),(b)(7)(C) Nonres school years, including:

   a. a copy of any written complaints or reports, and a detailed description of any verbal complaints;

   b. a copy of all investigative files, interview memoranda, witness statements, and related documents concerning any University investigation of these complaints or reports;

   c. a copy of any documents showing the steps of the investigation and the results of the University's investigation, including any correspondence, e-mails, and other documents, as well as how the University notified pertinent parties of the outcome of each investigation;

   d. a detailed description of any action the University took to stop any harassment or discrimination and to prevent any additional discrimination or harassment based on sex, while each complaint or report identified in response to request #9(a) above was being investigated (interim measures) by the University or other law enforcement entities or after the investigation concluded;

   e. for each complaint or report of alleged sexual harassment and/or violence responsive to this request, identify (1) whether the University found that the complainant and/or other students were sexually harassed/assaulted; (2) whether the University found that any complaint was part of a larger pattern of similar complaints; and (3) whether the University made any conclusion about whether

    the complainant and/or other students were subject to a sexually hostile environment; and

  f. a copy of any documents, including student discipline records, memoranda, e-mails, notes, or other documents, that discuss or relate to any disciplinary or other remedial action the University took in response to each complaint or report identified in response to request #9(a) above;

10. if not included in responses above, copies of all communications, including letters, e-mails, notes, memoranda, reports, notices, or other communications sent or received by University faculty, staff, administration, and/or Trustees during the (b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive school years that discuss, relate, or refer to the complaints or reports identified under requests #8 and #9 above;

11. if not included in responses above, a copy of any notes, agendas, summaries, or follow-up communication related to any meetings between University staff and the Student regarding any allegations of, or remedies for, sexual assault or sexual harassment;

12. copies of any notes, agendas, summaries, or follow-up communication related to any meetings during the (b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive school years between University staff and the complaining student(s) regarding any allegations of, or remedies for, sexual harassment;

13. a description and copies, if applicable, of any steps the University took during the (b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive school years to make students, faculty, and staff at the University aware of the policies and procedures identified in response to requests #1 or #2 above, such as publications, website statements, and/or training;

14. a description of the ways in which the University communicates with students, staff, and other members of the campus community about its processes for addressing sexual harassment and violence (for example, through its web site, specific publications, specific other electronic means, etc.);

15. a description of any training regarding Title IX as it applies to sexual harassment, including sexual assault and violence, the University provided or offered to (1) University personnel; and (2) University students during (b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive school years. For each training, include the date of the training; the target audience (e.g., coaches, residence hall staff, etc.); copies of any related materials distributed at the trainings; and a description of the background/expertise of the individual who provided training;

Page 7 – Santa J. Ono, Ph.D.

16. copies of any and all brochures, pamphlets, or other materials that are disseminated to by the University to students regarding sexual harassment, the rights of complainants and accused individuals, and/or other campus resources available to assist those facing sexual harassment/violence;

17. a description of the University's collaborative efforts with any advocacy groups on and off campus to prevent sexual harassment, misconduct, and violence and to notify students and employees of their rights under Title IX;

18. a list of campus organizations and other resources for students that address students' concerns or issues related to sexual harassment (including, but not limited to, women's or men's organizations; lesbian, gay, bisexual, transgender, or alliance organizations; and rape crisis centers, sexual assault support networks, or other similar agencies); include contact information for each organization, and how information about these organizations is disseminated to students;

19. a description of how the University has assessed the campus climate regarding sexual harassment issues, conducted self-assessments, collected data, or monitored sexual harassment, misconduct, or violence on campus, if at all, for school years (b)(6),(b)(7)(A),(b)(7)(C),Nonresponsive Please provide any summaries or interim or final reports that describe the outcome of these efforts; and

20. any other information you believe relevant to the complaint allegations.

Thank you for your cooperation in this matter. We also may need to interview individuals at the University with knowledge of the facts of this case. If we determine that an onsite visit is necessary, we will contact you to schedule a mutually convenient time for our visit.

Upon receipt of this letter, please notify OCR of the name, address, and telephone number of the person who will serve as the University's contact person during OCR's investigation. If you have any questions, please contact Allison Beach, the OCR attorney who has been assigned to investigate this complaint, by telephone at (216) 522-2666 or by e-mail at Allison.Beach@ed.gov.

Sincerely,



Sacara Martin
Supervisory Attorney/Team Leader

Enclosure



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

1350 EUCLID AVENUE, SUITE 325
CLEVELAND, OH 44115

REGION XV
MICHIGAN
OHIO

FEB 17 2017

Santa J. Ono, Ph.D.
President
University of Cincinnati
2600 Clifton Avenue
P.O. Box 210063
Cincinnati, Ohio 45221-0063

Re: OCR Docket No. 15-16-2178

Dear Dr. Ono:

On June 15, 2016, the U.S. Department of Education (Department), Office for Civil Rights (OCR) received a complaint against the University of Cincinnati (the University). The complaint alleges that the University discriminated against a student (the Student) on the basis of sex. Specifically, the complaint alleges that the University failed to appropriately respond to the Student's November or December (b)(6) complaint of sexual assault.

OCR enforces Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 *et seq.*, and its implementing regulation at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in any education program or activity operated by a recipient of Federal financial assistance from the Department. As a recipient of Federal financial assistance from the Department, the University is subject to this law.

Because OCR determined that it has jurisdiction and that the complaint was filed timely, it is opening the complaint for investigation. Based on the complaint allegation, OCR will investigate the following issues:

- Whether the University, on the basis of sex, subjected a student to a sexually hostile environment, i.e., sexual harassment that was sufficiently severe, pervasive, or persistent so as to interfere with or limit a student from participation in, deny a student the benefit of, or otherwise subject a student to discrimination under any program or service of the University in violation of the Title IX implementing regulation at 34 C.F.R. § 106.31.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*
www.ed.gov

Page 2 – Santa J. Ono, Ph.D.

- Whether the University provided a prompt and equitable response to a student complaint of sexual violence as required by the Title IX implementing regulation at 34 C.F.R. § 106.8(b).

Please note that opening an allegation for investigation in no way implies that OCR has made a determination with regard to its merits. During the investigation, OCR is a neutral fact-finder, collecting and analyzing relevant evidence from the complainant, the recipient, and other sources, as appropriate. OCR will ensure that its investigation is legally sufficient and is dispositive of the allegation(s), in accordance with the provisions of Article III of OCR's *Case Processing Manual*.

Please read the enclosed document entitled "OCR Complaint Processing Procedures," which includes information about:

- OCR's complaint evaluation and resolution procedures, including the availability of Early Complaint Resolution (ECR);

- regulatory prohibitions against retaliation, intimidation, and harassment of persons who file complaints with OCR or participate in an OCR investigation; and

- application of the Freedom of Information Act and the Privacy Act to OCR investigations.

Additional information about the laws OCR enforces is available on OCR's website at http://www.ed.gov/ocr.

OCR intends to conduct a prompt investigation of this complaint. The regulation implementing Title VI of the Civil Rights Act of 1964, at 34 C.F.R. § 100.6, which is incorporated by reference in the Title IX regulation at 34 C.F.R. § 106.71, requires that a recipient of Federal financial assistance make available to OCR information that may be pertinent to reach a compliance determination.

In addition, in accordance with the regulation implementing the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, at 34 C.F.R. § 99.31(a)(3)(iii), and the Title VI regulation at 34 C.F.R. § 100.6(c), OCR may review personally identifiable records without regard to considerations of privacy or confidentiality.

Please note that OCR will conduct its investigation of OCR Docket #15-16-2039 and this complaint together and as part of this complaint investigation OCR will consider the documents and information the University has provided and continues to provide to OCR pursuant to OCR Docket #15-16-2039, regarding the University's policies, procedures, and practices with respect to its sexual harassment and sexual assault grievance process. The University therefore does not need to duplicate the documents and information it has already provided. However, to the extent that the information the University has provided for the investigation of OCR Docket

Page 3 – Santa J. Ono, Ph.D.

#15-16-2039 is no longer accurate, please provide updated information. Further, as relevant, please identify which documents the University has already provided to OCR it believes are responsive to each request listed below.

OCR is requesting that you forward the following information to OCR within fifteen calendar days of the date at the top of this letter. Wherever possible, please provide the requested information via e-mail (and Bates-labeled, if you have that capability); otherwise please provide the information via hard copy:

1. a copy of all documentation (hard copy or electronic) concerning any formal or informal complaints or reports of discrimination based on sex (including sexual harassment and/or sexual violence) lodged by, on behalf of, or about the Student (b)(6) during or after the (b)(6) school year, including:

    a. a copy of any written complaints or reports, and a detailed description of any verbal complaints;

    b. a copy of any documents that discuss or relate to the University's response to the Student's complaints or reports, and a detailed description of any verbal response to the Student's complaints or reports; and

    c. a detailed description of any action the University took to stop any harassment or discrimination, and to prevent any additional discrimination or harassment based on sex;

2. if not included in responses above, copies of all communications, including letters, e-mails, notes, memoranda, reports, or other communications (hard copy or electronic) sent or received by University staff and administration during and/or after the (b)(6) school year that discuss, relate, or refer to the Student's complaints or reports;

3. copies of any notes, agendas, summaries, or follow-up communication related to any meeting between University staff and the Student regarding her complaints or reports of discrimination based on sex (including sexual harassment and/or sexual violence) during and/or after the (b)(6) school year; and

4. any other documentation or narrative explanation the University would like OCR to consider in its investigation, including the identification of relevant witnesses. For each individual identified, please provide a name, title, and current contact information.

Thank you for your cooperation in this matter. OCR also may need to interview individuals at the University with knowledge of the facts of this case. If OCR determines that an onsite visit is necessary, OCR will contact you to schedule a mutually convenient time for its visit.

Page 4 – Santa J. Ono, Ph.D.

The University is also hereby notified that it should retain all electronically stored information and other records, in their originally created format, containing information related to the subject matter of this complaint, including emails, word processing documents, spreadsheets, databases, calendars, telephone logs, internet files, network access information, and other media-based information (such as personal digital assistants and digital voice mail), even after it has provided OCR with paper copies and whether or not OCR has included the information in this initial data request. Please also retain all non-electronic documents and evidence in whatever form, including personal or desk files, calendars, notes, correspondence, drafts, policies, manuals, or other things relevant to the case.

Upon receipt of this letter, please notify OCR of the name, address, and telephone number of the person who will serve as the University's contact person during OCR's investigation of this complaint. If you have any questions, please contact Julie Gran, the OCR staff person who has been assigned to investigate this complaint, by telephone at (216) 522-2684 or by e-mail at Julianne.Gran@ed.gov.

Sincerely,

*Emily Ball*
for Sacara M. Martin
Supervisory Attorney/Team Leader

Enclosure