**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JANE ROE, et al.,

    Plaintiffs,

                                                    Case No. 1:22-cv-00376
                                                    Hopkins, J.

vs.

UNIVERSITY OF CINCINNATI,

    Defendant.

**ORDER SETTING SETTLEMENT CONFERENCE**

    This case is hereby set for settlement conference on **January 27, 2026** at **10:00 a.m.** The undersigned U.S. Magistrate Judge will serve as the facilitator of the settlement conference. The Settlement Conference shall be held in person in the Court's ADR Suite, Room 203, Potter Stewart United States Courthouse, 100 East Fifth Street, Cincinnati, Ohio. **The parties may agree to virtual mediation by Zoom and must inform the Court of this agreement as soon as possible. If one party desires a virtual mediation but an agreement cannot be reached, the desiring party may file a motion requesting a virtual mediation in whole or in part (i.e., one side in person, other side virtual). Such motion must be filed at least 14 days before the mediation with a response due 3 days thereafter. No reply brief will be permitted. In deciding such a motion, the Court will consider the cost of travel, the approximate value of the case, and any other facts relevant to the decision**.

    **After a good faith assessment of the value of the case**, Plaintiffs shall submit a demand that is less than the full good faith value of the case to Defendant

**by August 4, 2025. Defendant, after the same good faith assessment, must then respond with an offer that is greater than zero by September 3, 2025.** The parties should thereafter engage in continued settlement discussions in an attempt to resolve the matter prior to the settlement conference.

Not later than **noon, on January 16, 2026**, each party shall submit to the Magistrate Judge only, and without formal filing with the Clerk, a confidential letter of five pages or less regarding potential settlement, including a statement of the strengths and weaknesses of the case, an assessment of liability and damages, a summary of the settlement negotiations, and a proposal as to how to settle this case now. These letters will be maintained by the Court separate and apart from the case file, and may be delivered by fax (513-564-7681) or email bowman_chambers@ohsd.uscourts.gov). Upon review of the submissions, the Court may schedule a telephone conference in advance of the settlement date.

Throughout the entirety of this settlement conference, party representatives with complete authority to negotiate a settlement of the case shall be present. **Complete authority is defined by the undersigned as an individual or representative who is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the conference. To be clear, someone who comes to a conference "with a cap" or who has to "make a phone call" to obtain additional authority or approval is NOT someone with complete authority.**[1]

---

[1] If counsel believes that his or her case presents exceptional circumstances which would justify a variance from this rule, counsel may request a waiver from this requirement by contacting the chambers of the undersigned, but only after consultation with opposing counsel. Such request for a waiver shall be made no later than the deadline for parties to submit their position statements.

2

**<u>Sanctions may be ordered for violations of this rule</u>.**

Pursuant to S. D. Ohio Civ. R. 16.3(c), all statements made by the parties relating to the substance or merits of claims or defenses made in the case, whether written or oral, made for the first time during the settlement conference or in the settlement conference statements required above shall be kept confidential by the Court, the parties, and counsel and shall not be admissible in evidence for any reason during the trial of this case.

**IT IS SO ORDERED.**

s/ *Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge