**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JANE ROE, et al. | ) | Case No. 1:22-cv-00376 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffrey P. Hopkins |
| | ) | |
| v. | ) | Magistrate Judge Karen L. Litkovitz |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY OF CINCINNATI'S UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL DEPOSITIONS AND EXHIBITS
RELATED TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 5.2.1 and section II.F.7. of this Court's Standing Order Governing Civil Cases, Defendant University of Cincinnati ("UC") respectfully moves the Court for leave to (1) file unredacted versions of all depositions and deposition exhibits in support of its forthcoming summary judgment motion, as well as unredacted versions of the summary judgment motion and related proposed undisputed facts, under seal in their entirety; and (2) file public, redacted versions of its summary judgment motion and related proposed undisputed facts within 14 days after the sealed filings so that counsel can confer and attempt to reach agreement regarding appropriate redactions. Grounds for this motion are provided in the accompanying Memorandum In Support. Counsel for UC conferred with plaintiffs' counsel before filing this motion, and plaintiffs do not oppose the relief requested herein.

Respectfully submitted,

DAVE YOST
ATTORNEY GENERAL OF OHIO

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)

1

Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
Michael B. Rogers (0098948)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
carpenter@carpenterlipps.com
bricker@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com
rogers@carpenterlipps.com

*Special Counsel for Defendant
University of Cincinnati*

2

## MEMORANDUM IN SUPPORT

### I.  BACKGROUND.

Plaintiffs Jane Doe and Karen Soe allege they were sexually harassed and/or sexually assaulted by a UC student while plaintiffs were students at UC, and further claim that UC was deliberately indifferent to and retaliated against them. Plaintiffs assert claims against UC pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), *et seq*. ("Title IX"). *See generally* Amended Complaint, ECF No. 15.

UC anticipates filing a motion for summary judgment on April 27, 2026. This Court's Standing Order Governing Civil Cases requires UC to file all depositions, deposition exhibits, and other exhibits supporting its summary judgment motion prior to filing the summary judgment motion. *See* Section II.F.6.c. of Standing Order Governing Civil Cases.

UC's summary judgment motion and related proposed undisputed facts will rely extensively on deposition testimony and deposition exhibits. Such testimony and exhibits, however, are replete with information of a highly sensitive and personal nature related to alleged sexual harassment/assault and also contain private educational information of non-party former or current UC students, including the alleged perpetrator, John Doe, that are protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99. The depositions and exhibits in this case were marked confidential in their entirety under the Stipulated Protective Order governing this case. *See* May 29, 2024 Stipulated Protective Order, ECF 34, at ¶¶ 4-5. The Stipulated Protective Order requires a party to "take appropriate action" to ensure that materials marked confidential "receive[] proper protection from public disclosure," including by "(a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary

motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal." *Id*. at ¶ 8.

UC has conferred with counsel for plaintiffs, and both parties agree that the deposition testimony and exhibits in this case contain highly sensitive information for which sealing is warranted, including information about alleged sexual harassment/assault; the true identities of Jane Roe and Karen Soe that are protected from disclosure pursuant to the Court's order granting plaintiffs' motion for leave to proceed anonymously; and the true identities of John Doe and non-party former and current UC students, including information that is "linkable" to John Doe and non-party former and current UC students such that the information, if publicly disclosed, "would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty," in violation of FERPA. 34 C.F.R. § 99.3.

The parties also agree that such sensitive information warranting sealing is so pervasive that redactions may not adequately protect the privacy rights of the students and former students. UC, therefore, seeks leave from this Court to (1) file unredacted versions of all depositions and deposition exhibits in support of its forthcoming summary judgment motion, as well as unredacted versions of the summary judgment motion and related proposed undisputed facts, under seal in their entirety; and (2) file public, redacted versions of its summary judgment motion and related proposed undisputed facts that redact only confidential information subject to sealing within 14 days after the sealed filings so that counsel can confer and attempt to reach agreement regarding appropriate redactions.

## II.     ARGUMENT.

This Court's Standing Order Governing Civil Cases and the Stipulated Protective Order require a party seeking to file under seal to "first seek leave of Court," and "set forth the particularized reasons such document[s] should be sealed." Standing Order at II.F.7; *see also* Stipulated Protective Order at ¶ 8 (requiring "the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."). The party seeking leave to file under seal must also comply with *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016) and its progeny. *See* Standing Order at II.F.7; Stipulated Protective Order at ¶ 8. While plaintiffs bear the burden of establishing the confidentiality of materials they have designated as confidential, UC has no objection at this time to the confidentiality of the materials. As discussed below, compelling reasons justify sealing and the seal is no broader than necessary to serve those reasons. *See Shane Grp., Inc.*, 825 F.3d at 305; Stipulated Protective Order at ¶ 8 ("Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.").

### A.     The Privacy Rights Of Plaintiffs, John Doe, And Non-Party Students Is A Compelling Reason To Seal Under *Shane*.

Privacy rights are a compelling reason to seal. The materials that UC seeks to file under seal contain highly sensitive information that is commonly filed under seal, including descriptions of alleged sexual harassment/assault and the identities of Jane Roe, Karen Soe, and John Doe who are proceeding anonymously. *See King v. City of Columbus*, No. 2:18-cv-1060, 2022 WL 17585264, at *1-*2 (S.D. Ohio Dec. 12, 2022) (granting leave to file unredacted transcripts discussing sexual abuse under seal); *Doe v. Kenyon College*, No. 2:20-cv-4972, 2020 WL 11885928 at *2 (S.D. Ohio Sept. 24, 2020) (ordering the parties to file documents containing the full name of the plaintiff, or that contained direct or indirect information about the plaintiff's

3

identity, under seal in case alleging sexual misconduct).

The materials sought to be sealed here also contain private educational information related to John Doe and non-party former or current UC students that are protected from public disclosure by FERPA. *See*, *e.g.*, *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2022 WL 1080772, at *2 (S.D. Ohio Apr. 11, 2022) (ordering the redaction of non-parties' private personal information, stating: "The Sixth Circuit has made clear that 'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'") (quoting *Shane Grp.*, 825 F.3d at 308); *McKenna v. Nestle Purina PetCare Co.*, No. 2:05-CV-0976, 2008 WL 2329268, at *2 (S.D. Ohio June 4, 2008) (citing case law "recognizing the potentially greater privacy interest of non-parties").

In fact, this Court has already recognized the privacy rights and interests of plaintiffs, John Doe, and current and former UC students several times throughout this case. It granted plaintiffs' unopposed motion for leave to proceed anonymously and sealed the Complaint because it "identifies non-party students by their initials." *See* Aug. 30, 2022 Order Granting Plaintiffs' Motion for Leave to Proceed Anonymously, ECF No. 12, PageID# 56. At the preliminary pretrial conference, the Court also stated it was "happy to seal portions of the record" because the case involves "pseudonyms for the plaintiffs," and it "would be concerned too with the rights of the student who has been accused as well." *See* Transcript of May 15, 2024 Prelim. Pretrial Conf., ECF No. 35, PageID# 364:18-22, 385:3-4. Further, the Court prohibited certain discovery based, in significant part, on its concerns that even redactions would not protect the privacy rights of non-party students under FERPA, which prohibits educational institutions from disclosing "personally identifiable information in education records" without a student's prior consent. 20 U.S.C. §

4

1232g(b)(2). *See* January 18, 2025 Order, ECF No. 44, PageID# 498-499.[1] And, as discussed above, the Stipulated Protective Order entered by the Court requires that confidential materials "receive[] proper protection from public disclosure[.]" Stipulated Protective Order at ¶ 8.

### B. Sealing The Deposition Transcripts And Deposition Exhibits Is Narrowly Tailored To Protect The Confidential Information.

UC's request is also narrowly tailored and no broader than necessary to protect the confidential information. The court in *Garrett v. Opportunities for Ohioians with Disabilities*, No. 2:19 CV 2227, 2021 WL 5001270 (S.D. Ohio Sept. 23, 2021), for example, found that "because the information will be used 'extensively' throughout the briefing, … sealing the briefing in its entirety 'is no broader than necessary' to protect the information, as redaction may render the briefing meaningless." *Id*. at \*1.

As discussed above, UC anticipates relying extensively on deposition testimony and deposition exhibits that identify and/or provide personally identifiable information of current and former UC students. Such information is protected by the above-described Court orders, case law addressing sexual harassment and privacy rights, and FERPA and should be sealed. Further, given the pervasive nature of confidential information contained in the deposition testimony and exhibits, sealing them in their entirety is the most narrowly tailored way to protect the compelling privacy rights and interests involved. *Id*. UC intends to file public, redacted versions of its summary

---

[1] *See id*. at PageID# 495 (stating, "Personally identifiable information [protected by FERPA] includes, *inter alia*, the student's name; the name of the student's parent or other family members; the address of the student or student's family; a personal identifier, such as the student's social security number, student number, or biometric record; other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name; and **other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty**.") (citing 34 C.F.R. § 99.3) (emphasis added), *objections overruled*, June 17, 2025 Order, ECF No. 55.

5

judgment motion and related proposed statement of facts that redacts only confidential information.

#### C. **The Public's Interest Does Not Outweigh The Compelling Reasons To Seal.**

Lastly, the public interest does not weigh against sealing here. *Shane* rests, in part, on the notion that the public can have an interest in "the litigation's result," "the conduct giving rise to the case," and/or "to assess for itself the merits of judicial decisions." 825 F.3d at 305. UC intends to file redacted versions of its motion for summary judgment and related proposed undisputed facts on the public docket, so that the public will have access to the parties' claims and defenses and the non-confidential facts supporting them. The public, therefore, will have ample information to fully understand this case, including the relevant facts, as well as the parties' claims, legal theories, and arguments. *See, e.g.*, *London Comput. Sys. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, *4 (S.D. Ohio Aug. 29, 2019) (ordering sealing where "the public will not need to view the parties' highly confidential … information to understand the events giving rise to this dispute, or the arguments made in that motion"); *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-cv-4262, 2021 WL 4841064, at *3 (S.D. Ohio Oct. 18, 2021) (same).

### III. **CONCLUSION.**

For the foregoing reasons, UC respectfully requests that the Court grant this unopposed motion for leave to (1) file unredacted versions of all depositions and deposition exhibits in support of its forthcoming summary judgment motion, as well as unredacted versions of the summary judgment motion and related proposed undisputed facts, under seal in their entirety; and (2) file public, redacted versions of its summary judgment motion and related proposed undisputed facts within 14 days after the sealed filings so that counsel can confer and attempt to reach agreement regarding appropriate redactions. A proposed order is attached and will be emailed to the Court as

6

directed by the Court's Standing Order. *See* Standing Order at II.7.[2]

Respectfully submitted,

DAVE YOST
ATTORNEY GENERAL OF OHIO

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
Michael B. Rogers (0098948)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
carpenter@carpenterlipps.com
bricker@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com
rogers@carpenterlipps.com

*Special Counsel for Defendant*
*University of Cincinnati*

---

[2] UC is happy to submit to the Court for its *in camera* review the deposition transcripts and exhibits sought to be sealed, if the Court so directs. *See* Standing Order Governing Civil Cases at Section II.F.7.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on April 21, 2026. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Michael H. Carpenter

*Trial Attorney for Defendant*
*University of Cincinnati*

8