**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JANE ROE, *et al.*,       :

    *Plaintiff,*       :

     :

v.       :       Case No. 1:22-cv-376

     :

UNIVERSITY OF CINCINNATI,       :       Judge Jeffery P. Hopkins

    *Defendant.*       :

     :

---

**ORDER**

---

This matter is before the Court on Defendant University of Cincinnati's ("Defendant" or "UC") Unopposed Motion for Leave to File Under Seal Depositions and Exhibits Related to Defendant's Motion for Summary Judgment (the "Motion"). Doc. 59. For the reasons set forth below, the Court **GRANTS** the Motion.

## I.    BACKGROUND

In this case, Plaintiffs Jane Roe and Karen Soe allege that while enrolled as students at the University of Cincinnati, they were subjected to sexual harassment and/or sexual assault by a UC student. Am. Compl., Doc. 15. Plaintiffs further allege that UC acted with deliberate indifference to their complaints and retaliated against them. *Id*. Based on these allegations, Plaintiffs assert claims against UC under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), *et seq. Id.* Defendant is prepared to file a motion for summary judgment on Plaintiffs' claims. However, because depositions and deposition exhibits that it intends to rely on in support, as well as the forthcoming motion, contain highly sensitive, personal information, Defendant is before the Court asking to file unredacted versions under

seal, accompanied by a publicly-filed, redacted version of its summary judgment motion. Doc. 59, PageID 618–19. Plaintiffs agree that the highly sensitive information at issue should be redacted or filed under seal, and therefore, Plaintiffs do not oppose Defendant's motion. *Id.* In accordance with this Court's notation order, Defendant has submitted the depositions and exhibits for in camera review, and the Court has completed a review of those documents.

## II.      STANDARD OF REVIEW

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

To meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). The moving party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to

2

seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

### III.   ANALYSIS

Defendant is entitled to the relief it seeks. First, the record demonstrates compelling privacy interests that justify sealing. The materials UC proposes to file under seal contain detailed information regarding alleged sexual harassment and sexual assault; the identities of Plaintiffs and the accused student, John Doe, each of whom are proceeding under pseudonyms; and private educational information of non-party former or current UC students, including John Doe, that is protected by the Family Educational Rights and Privacy Act ("FERPA"). Protecting the privacy of victims and alleged perpetrators of sexual misconduct, as well as non-party students whose educational records are implicated, is a recognized and substantial interest. *King v. City of Columbus*, No. 2:18-cv-4972, 2020 WL 17585264, at *1–2 (S.D. Ohio Dec. 12, 2022) (granting a motion to file certain documents under seal given the sensitive nature of the documents, which included discussions of sexual abuse of a minor); *Doe v. Kenyon College*, No. 2:20-cv-4972, 2020 WL 11885928, at *2 (S.D. Ohio Sept. 24, 2020) ("Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness."). Indeed, this Court has already acknowledged those interests in this case by granting Plaintiffs leave to proceed anonymously, sealing earlier filings that disclosed non-party student information, and limiting discovery in light of FERPA and related privacy concerns. *See, e.g.*, Docs. 12, 44.

The requested sealing is also sufficiently tailored. UC seeks to seal in full only the deposition transcripts and deposition exhibits, which are saturated with confidential and

personally identifying information. Doc. 59, PageID 622–23. UC does not seek to seal the entire summary judgment record; instead, it proposes to file public, redacted versions of its summary judgment brief and proposed statement of undisputed facts, redacting only confidential information. *Id.* Given the pervasive nature of the sensitive content in the transcripts and exhibits, and UC's intent to use these records thoroughly in its summary judgment briefing, sealing those documents in their entirety is the least restrictive means of protecting the students' privacy while still allowing the public to access the parties' legal arguments and the non-confidential facts relevant to the Court's eventual decision.

The public's interest in access does not outweigh these compelling privacy interests in this context. UC's plan to file redacted versions of its summary judgment filings will allow the public to understand the nature of the dispute, the parties' claims and defenses, and the basis for any judicial rulings, without exposing victims and students to unnecessary disclosure of highly personal and educational information. *London Comput. Sys. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (finding no harm to the public interest where "the public [would] not need to view the parties' highly confidential . . . . information to understand the events giving rise to th[e] dispute, or the arguments made in that motion"). Thus, the public will retain meaningful insight into the proceedings, while the privacy interests of Plaintiffs, John Doe, and non-party students remain protected.

On this record, the Court concludes that UC has carried its burden to show compelling reasons for sealing and that its request is no broader than necessary to protect the sensitive information at issue.

## IV.    CONCLUSION

For the reasons set forth herein and for good cause shown, Defendant University of Cincinnati's Unopposed Motion for Leave to File Under Seal Depositions and Exhibits Related to Defendant's Motion for Summary Judgment (Doc. 59) is hereby **GRANTED**. In accordance with this Court's prior notation order, dispositive motions shall be filed within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**

August 6, 2026

Jeffery P. Hopkins
United States District Judge

5